FROST & Co. *v.* J. B. WHITE—WHITE & WHIDDEN, Intervenors.

The interest of a non-resident in the property of a foreign commercial firm, may be attached for a debt due to a citizen of this State.

When parties intervene, and bond property attached, they are estopped from denying the fact that there is any property attached, having by the act of giving bond judicially admitted it.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Simonds & Fenner*, for plaintiffs and appellants. *Singleton & Clack*, for defendant.

LAND, J. This suit was commenced by attachment for the individual debt of the defendant, a partner in the commercial firm of *White & Whidden*, domiciled in the State of Arkansas, and property belonging to the partnership was seized under the writ. The defendant was personally cited. The firm of *White & Whidden* intervened in the suit, bonded the property attached, and moved to dissolve the writ of attachment substantially on the following grounds :

1. Because the partnership property of the firm of *White & Whidden* was not subject to attachment for the individual debt of *White*.

2. Because the surety on the attachment bond did not possess the qualities required by law.

3. Because no property was in fact attached.

First. The defendant is a non-resident, and his property, rights and credits of every kind, are liable to be seized for the payment of his debts under our attachment laws. C. P., Arts. 239, 256.

The partner of the defendant is also a non-resident, and cannot invoke in his behalf the rule recognized in the case of *Shirley et al.* v. *Owners of Steamer Bride*, 5 An. 260.

The attachment in this State, of the interest of a non-resident in the property of a foreign commercial firm, for a debt due a citizen of this State, is not forbidden by any law, or opposed by any consideration of public policy, but on the contrary, is recommended as a matter of remedial justice in favor of our own citizens.

The claims of partnership creditors or other persons, will be heard and enforced when properly presented and satisfactorily established. It will be a proper time to consider such claims, when the parties in interest present them for adjudication. The court will not presume the existence of demands against the property attached in the absence of evidence to the contrary.

Secondly. The surety on the attachment bond possessed all the qualities required by law. He was capable of contracting, was solvent, and had property sufficient to answer for the amount of the obligation, and resided within the jurisdiction of the court. C. C. 3011.

Thirdly. The intervenors judicially admitted that property had been attached by the Sheriff under the writ issued in this case, bonded the property attached, and gave a description of it in their bond for its release.

Under these circumstances, they are concluded by their judicial admission of the fact, and are estopped from denying its truth. *Denton* v. *Erwin*, 5 An. 18.

The writ of attachment was erroneously set aside by the District Judge.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided

ánd reversed, so far as it dissolves the writ of attachment issued in this case, and that said writ be reinstated, and the privilege of plaintiffs on the property attached be recognized and enforced ; and that the judgment be affirmed so far as it condemns the defendant to pay the debt sued for, with interest and costs. It is further decreed, that the defendant and appellee pay the costs of both courts.