BENJAMIN L. LUCAS *et al.*

*v.*

OLIVER BEEBE.

1. DELIVERY BOND—*admission from recitals therein.* A recital in a delivery bond given to a constable, that the principal in the bond was desirous of retaining the possession of goods levied on, is an admission that he then had the possession, which renders any verbal agreement on the subject wholly immaterial in a suit on the bond.

2. Where a party gives a delivery bond to an officer, acknowledging possession of the property, in a suit on the bond for a failure to make delivery, it matters not whether he had the possession or not, as, if he did not, he is bound to get and deliver the property to the officer.

3. EVIDENCE—*to contradict written agreement.* Where a party, by his bond, solemnly acknowledges the existence of a fact, upon which he makes his agreement, the writing alone must speak, and its terms can not be varied or contradicted by proof of a different, verbal contract, made at the same time or before.

4. SAME—*question must call for facts, and not conclusions.* In a suit upon a delivery bond, the defendants asked a witness what was the consideration of the bond, if any, and the court would not allow the question to be answered: *Held,* that the court decided properly, as the question called for no facts, but simply the witness' conclusion of a legal proposition, or left the witness to detail facts he supposed to form the consideration, which might be wholly

foreign to the issue. The question should have called for specific facts and circumstances entering into and constituting the transaction.

5. SAME—*an offer to make proof, should be of specific facts.* An offer to prove by a witness there was no consideration for a bond sued on, and that the consideration had wholly failed, or had partially failed, is too general. It should state the specific facts proposed to be proved, so as to show their relevancy and materiality.

6. ESTOPPEL—*by recitals in bond.* Where a party gives a delivery bond for goods taken under a distress warrant, in which the proceedings before the justice of the peace are recited, the maker of the bond will be estopped, when sued on the bond, from contradicting such admission by proof there was no such suit.

APPEAL from the Circuit Court of McLean county.

Mr. EDMUND O'CONNELL, for the appellants.

Mr. JESSE BIRCH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellee, as a constable of McLean county, levied a distress warrant on some furs, as the property of one Green, and had received an execution from a justice of the peace for their sale; but Benjamin L. Lucas claimed the property, and a trial of his right thereto was had before a justice of the peace, resulting in a judgment against him. He thereupon appealed to the circuit court, and gave to the constable a delivery bond for the return of the property. The appeal was dismissed, and the constable demanded the property, or the payment of the execution under which it was held when replevied, but Lucas refused to do either. Thereupon, appellee brought suit, for the use of the plaintiff in execution, on the delivery bond, before a justice of the peace, and recovered a judgment for the amount of the execution, and defendants appealed to the circuit court. A trial was afterwards had by the court, by consent, without a jury, when a judgment was rendered against defendants, and they bring the record to this court on appeal, and ask a reversal.

The grounds urged for a reversal are, the refusal of the court to permit one of the defendants to answer a number of questions which were asked him, and in preventing appellants from making proof of facts claimed to constitute a defense. The first question the court refused to permit the witness to answer was: "State whether at the time the bond offered in evidence by plaintiff was executed and delivered to the plaintiff, Beebe, it was agreed he should deliver to you the property described in the bond?" We do not see that any answer which might have been given to this question could have been pertinent to the issue. The bond recites that Lucas was desirous of retaining the property—not that he desired to obtain the possession of the property. This recital in the bond was an admission that he then had the possession of the property, and if so, any agreement on the subject was wholly immaterial.

The next question was of the same character, as it does not matter what agreement might have been verbally made in reference to the goods, as it could not have changed the terms of the bond. This is elementary, and is unquestionable as a rule of evidence. The writing must speak for itself.

The third question is of the same character. As Lucas had, as he acknowledged by his bond, the possession of the property, it was wholly immaterial whether possession was delivered to him by the constable, any one for him, or any one else. It was a matter of no importance from whom he received the property; nor did it matter, in the face of the acknowledgment in the bond, whether he had the possession of the property or not, as, if he did not, it was, under the bond, his duty to get and deliver it to the constable. He did not offer to prove that the possession of the property was retained by the constable after the bond was given, and that he had ever demanded it, and the constable had refused to deliver it, under the bond. If he left it with the constable, the constable became his agent, and the plaintiff in execution should not be prejudiced by the acts of himself or his agent.

By the fifth question, witness was asked what the consideration of the bond was, if there was any. This question called for no facts, but simply the witness' conclusion of a legal proposition. Had he answered that there was no consideration, it would have been responsive to the question, and all would say the answer would not be proper evidence—or, it left the witness to detail facts he supposed to form the consideration, although wholly foreign to the issue. The question should have called for evidence of specific facts and circumstances entering into and constituting the transaction.

Appellants offered to prove, by the same witness, that there was no consideration for the bond; that the consideration had entirely failed, and that it had partially failed. The offer was general, not specifying what the witness would state, or the specific facts he could prove by the witness. In such a case, the offer should be, to prove facts that would show a want of, or a total or partial failure of, consideration—not as the offer was made here, to prove a mere conclusion of law. Had the facts been specifically stated, it might have appeared that they would not tend in the slightest degree to establish either defense; nor can we conceive a state of facts that would prove all three of these defenses. We presume two of them, at least, must, in the very nature of things, have failed. Then, why reverse and remand, when two must, and, from anything appearing in the record, the other may, fail?

An offer was made to prove that there never was any such case before the justice of the peace as that recited in the bond. Appellants were estopped, by their solemn admissions in their bond, from making the proof. It is generally supposed parties mean to bind themselves when they solemnly and deliberately make such statements in writing, the truth of which is attested by their signatures and seals.

We perceive no error in the rulings of the court in reference to the questions asked, and the judgment of the court below must be affirmed.

*Judgment affirmed.*