WILLIAM R. H. MARTIN et al., Appellants, *v.* FRANK T. GILBERT, as Sheriff, etc., Respondent.

In an action to recover the possession of personal property, when the defendant gives an undertaking for the return of the property, admitting therein that plaintiff has taken the property described in his affidavit and requisition from defendant's possession, he is estopped from denying that he had possession of the property, or any part thereof, at the commencement of the action, or from showing that it was different or other property; he is concluded by the recitals in the undertaking.

*Miller* v. *Moses* (56 Me. 128) distinguished.

The effect of the recital, as an estoppel, is not taken away by the fact that after the return of the property to the defendant, he serves an answer, denying that he ever had possession of the property mentioned in the complaint or affidavit accompanying the requisition; nor is its effect disturbed by the provision of the Code of Civil Procedure (§ 1704), giving defendant a right to a return of the property replevied, on giving a bond, although it be not the property described in the requisition.

*It seems*, where the property replevied is not that described, it is not necessary or proper to recite in the bond that it is.

*Carpenter* v. *Buller* (8 M. & W. 208); *Reed* v. *McCourt* (41 N. Y. 435) distinguished.

In such an action, as plaintiff's affidavit, requisition and the return of
the officer are made by the Code of Civil Procedure (§ 1717) part of the·
judgment-roll and a copy of them is required to be furnished to the court
or referee on trial, it is not necessary to put them formally in evidence
in order that the court may consider them.

(Argued January 17, 1890; decided February 25, 1890.)

APPEAL from order of the General Term of the Supreme·
Court in the fifth judicial department, made October 19, 1888,
which reversed a judgment in favor of plaintiffs entered upon
the report of a referee, and granted a new trial.

This action was brought for the purpose of recovering the
possession of certain personal property described in the com-
plaint as ready-made clothing, " and being four overcoats, 223
coats, 224 vests, 243 pairs of pants, 36 boys' suits, one pair
boys' pants."

It was alleged in the complaint that the plaintiffs sold the
above property and delivered the same to one Ruslander, but
that he had procured them through false and fraudulent rep-
resentations, and that, by reason of such representations, plain-
tiffs elected to rescind the contract of sale and recover posses-
sion of the property. It was also alleged that the defendant,
Gilbert, was the sheriff of Erie county, and that he unlaw-
fully detained the chattels above described, claiming to hold
them by virtue of several writs of execution issued against the
property of Ruslander by some of his creditors, and that, prior
to the commencement of this action, the plaintiffs had demanded
of the defendant the delivery of said goods, and that the
defendant had refused to deliver the same. It was also stated,.
that on the 24th of November, 1886, a writ of replevin was
duly issued in this action to the coroner of Erie county, requir-
ing him to take from the possession of the defendant these
articles of personal property; that under and by virtue of the
writ the coroner duly replevied and took from the defendant
such property, and that, thereafter, and on the 27th of Novem-
ber, 1886, the defendant duly executed to the coroner a bond

or undertaking entitled in this action, a copy of which is annexed to the complaint; that after the execution and delivery of the same, the sureties justified and the undertaking was approved, and the goods and chattels were delivered by the coroner back to the defendant; that the chattels were worth $3,622.87, and that by reason of the wrongful detention of the goods by defendant, the plaintiffs had sustained damage to the value of $250.

The material allegations in the complaint were denied by the answer.

Upon the trial of the action the plaintiffs put in evidence the bond or undertaking given by the defendant upon retaking the goods which the coroner had replevied from him by virtue of the writ in this action. The undertaking is preceded by the title of the case, and then it is stated as follows:

" WHEREAS, the plaintiffs in this action claim the delivery to them of certain chattels specified in the affidavit made on behalf of the plaintiffs for that purpose, of the alleged value of three thousand six hundred and twenty-two 87-100 dollars, and have caused the same to be taken by the coroner of Erie county, pursuant to the Code of Civil Procedure, but the same has not yet been delivered to the plaintiffs; and, whereas, the defendant requires a return of the chattels replevied,

" Now, therefore, we, Charles A. Sweet, of the city of Buffalo, county of Erie, by occupation a banker, and Charles G. Curtiss, of the same place, by occupation a maltster, do hereby jointly and severally undertake and become bound to the plaintiffs in the sum of seven thousand two hundred and forty-five dollars and seventy-four cents, for the delivery of the said chattels to the plaintiffs, if delivery thereof is adjudged, or if the action abates in consequence of the defendant's death, and for the payment to the plaintiffs of any sum which the judgment awards against the defendant.

" Dated this 27th day of November, 1886.

" CHARLES A. SWEET,
" CHARLES G. CURTISS."

This undertaking, although not signed by the defendant, was procured by him, and his attorney noticed the matter for a hearing for the justification of the sureties, and it was by reason of the giving of such undertaking that the property was returned to the defendant.

The trial resulted in a report in favor of the plaintiffs for the full amount claimed, upon which judgment was entered in their favor. Other facts are stated in the opinion.

*Hadley Jones* and *Abraham Gruber* for appellants. The defendant was estopped by giving the bond to retake the goods and thus procuring the re-delivery of the same to him from proving that all the goods replevied were not in his possession at the time the writ of replevin was executed. (*Carpenter* v. *Stearns*, 32 Mo. App. 132 ; *Diossy* v. *Morgan*, 74 N. Y. 11; *Auerbach* v. *Marks*, 12 Wkly. Dig. 155 ; *Haggart* v. *Morgan*, 5 N. Y. 422 ; *Harrison* v. *Wilkin*, 69 id. 412 ; *Lucas* v. *Beebe*, 88 Ill. 427 ; *Frost* v. *White*, 14 La. Ann. 140 ; *McMillan* v. *Dana*, 18 Cal. 339 ; *Shaw* v. *McCullough*, 3 W. Va. 260 ; *Dickson* v. *Anderson*, 9 Mo. 155 ; *Mead* v. *Figh*, 4 Ala. 279 ; *Sponenberg* v. *Lemest*, 23 Kan. 35–42 ; *S. B. Co.* v. *Niederweisser*, 28 Mo. App. 233 ; Code, §§ 1694, 1698, 1703, 1704, 1713, 1715, 1716 ; *Anthony* v. *Barthalow*, 69 Mo. 186, 194.) If plaintiff had a right to rely on the recitals in the undertaking, then the defendant was estopped from contradicting its recitals. (*Coleman* v. *Bean*, 3 Keyes, 94; *Harrison* v. *Wilkin*, 69 N. Y. 412.) Acquiescent reliance upon the defendant's statements in the undertaking was an alteration of the plaintiffs' position sufficient to estop the defendant from denying the truth of those statements. (*C. N. Bank* v. *N. Bank*, 50 N. Y. 575.) The coroner's return was conclusive on both parties to this action, as to the character and amount of goods taken and its contents could not be disproved on the trial. (*Russell* v. *Gray*, 11 Barb. 541; *Anthony* v. *Barthalow*, 69 Mo. 186, 194 ; *Schnaider Brewing Co.* v. *Niederweisser*, 28 Mo. App. 233 ; Code, §§ 172, 1715, 1716 ; *Kellogg* v. *Boyden*, 126 Ill. 378.) The recitals in the bond were a substantive part thereof, and it was

not competent to vary them by parol evidence. (*Cocks* v. *Barker*, 49 N. Y. 107.) The General Term was clearly wrong in holding that it is upon the coroner's return only that the plaintiff could rely for information of the property taken by the officer. (Code, §§ 1706, 1715; *Harrison* v. *Wilkin*, 69 N. Y. 412.) The question as to the sufficiency of the description of the goods is not properly before this court. ( *W. Bank* v. *Hobbs*, 22 How. Pr. 494; *Kellogg* v. *Boyden*, 126 Ill. 378.) The demand for the goods in suit was sufficient. ( *White* v. *Dodds*, 42 Barb. 554; *E. F. Co.* v. *Hersee*, 33 Hun, 169, 181; *Claflin* v. *Milspaw*, 107 N. Y. 649.) The referee properly allowed the plaintiffs $250 damages for the wrongful detention of the goods. (*N. Y. G. & I. Co.* v. *Flynn*, 55 N. Y. 653.)

B. *Frank Dake* for respondent. Under the plaintiffs' stipulation in the notice of appeal it is the duty of the court to affirm the order appealed from and award absolute judgment in favor of the defendant, if there was any reason why it was the duty of the General Term to reverse the judgment and award a new trial. (*Halcombe* v. *Munson*, 4 N. Y. S. R. 250, 253.) No conversion of the property was proved. (*Gillett* v. *Roberts*, 57 N. Y. 28, 33; *Whitney* v. *Slanson*, 30 Barb. 276; 1 N. Y. 522; *Southwick* v. *F. N. Bank*, 84 id. 420; *Goodwin* v. *Wertheimer*, 99 id. 149; *Bliss* v. *Cottle*, 32 Barb. 322; *Mulheisen* v. *Lane*, 82 Ill. 117; *Thompson* v. *Rose*, 16 Conn. 71; *Goodwin* v. *Wertheimer*, 99 N. Y. 149; 2 Greenl. on Ev. § 644.) The referee's report is faulty in the respect that it not only fails to find the value of the goods " at the time of the trial," but assumes to assess their value and awards judgment for their value " at the time of such replevy." (Code, § 1726; *Hurd* v. *Birch*, 11 N. Y. S. R. 870, 871.) The motion for a nonsuit should have been granted on the ground that the complaint does not state a cause of action. (Code Civ. Pro. §§ 1373, 1695, 1697; 3 Blackst. Comm. 151; *Dowell* v. *Richardson*, 10 Ind. 573; *Ames* v. *M. B. Co.*, 8 Minn. 467; Wells on Replevin, § 171; *De Witt* v. *Morris*, 13 Wend. 496; *Wheeler* v. *Allen*, 51 N. Y. 37; *McAdam* v. *Wal-*

*bran*, 8 Civ. Pro. Rep. 451.)    The sheriff is not estopped from proving that the property replevied did not comprise all the property to recover possession of which this action was brought. (*Brooks* v. *Higby*, 11 Hun, 235; *Burnham* v. *Brennan*, 10 J. & S. 49; *Dunford* v. *Weaver*, 84 N. Y. 445, 451; Code Civ. Pro. §§ 1703, 1704, 1713; *Talcott* v. *Belden*, 4 J. & S. 84, 92.)

PECKHAM, J.    The defendant claims that neither the affidavit to obtain the requisition, nor the requisition itself, nor the return of the coroner is in evidence in this case.    He says that not one of them was formally put in evidence, and that, therefore, the court has no right to regard them or any of them.    We do not think it was necessary to formally put those papers in evidence in order to have them considered by the trial court.    By section 1717 of the Code of Civil Procedure, all of such papers must be made a part of the judgment-roll in the action, and a copy of each of them must be furnished to the court or referee upon the trial of the issue of fact.    In looking over the case it would seem to have been tried upon the assumption that the papers were not only in existence but were to be regarded by the referee for all legitimate purposes.    Taking them into consideration, we find a statement in the affidavit that "the plaintiffs are the owners of the following chattels hereinafter particularly described, viz.: Ready-made clothing as follows: Four overcoats, 223 coats, 224 vests, pants, 243 pairs, 36 boys' suits, one pair of boys' pants."    The requisition is to the coroner of the county of Erie, and he is required to replevy the chattels described in the within affidavit.    And the coroner certifies and returns that on the 26th of November, 1886, he executed the requisition indorsed on the affidavit annexed, for the delivery of the chattels mentioned in the said affidavit, "by taking possession of all thereof to be found in my county, to wit: Four overcoats, 223 coats, 243 pants, 224 vests, 36 boys' suits, one pair boys' pants."    The return further stated that the defendant claimed re-delivery of said chattels by giving to the

coroner an undertaking in due form of law, and that the coroner then re-delivered said property to the defendant. In the affidavit a statement is thus found of all the property claimed on the part of the plaintiffs to be in the possession of the defendant, and it is especially described in such affidavit. The requisition requires the coroner to take the property described in the affidavit. The bond given by the defendant in order to keep the property, recites the fact that the plaintiffs claim delivery to them of certain chattels specified in the affidavit made on behalf of the plaintiffs for that purpose, and that they have caused the same to be taken by the coroner of Erie county, pursuant to the Code of Civil Procedure, but the same not having yet been delivered to the plaintiffs, the defendant requires the return of the chattels replevied, and the condition of the undertaking is that the sureties undertake and become bound to the plaintiffs in the sum named for the delivery of the said chattels to the plaintiffs, if delivery thereof is adjudged.

Upon the trial the defendant offered to prove that, of the personal property described in the affidavit made by the plaintiffs, the defendant did not have in his possession, or under his control when the demand was made upon him on the part of the plaintiffs and at the time of the commencement of this action, more than one-quarter, and that no more than one-quarter of such property ever came into his possession, or was in his possession when such property was replevied by the coroner. This evidence was objected to on the part of the plaintiffs as tending to vary or alter the admissions made by the defendant in this action, contained in his undertaking given to the plaintiffs upon the retaking of the goods seized by the coroner, herein described in the affidavit accompanying the requisition. The objection was sustained and the defendant excepted. The General Term of the Supreme Court has held that this was error, and on account thereof has reversed the judgment and granted a new trial.

We think the referee was right in rejecting the evidence. The affidavit of the plaintiffs described all the property

claimed by them, and alleged that it was all in the defendant's possession. The requisition required the coroner to take all that property. He proceeded to the execution of his writ and in the course of the same he is met by the action of the defendant, which prevents his complying with the terms of the requisition. To prevent such compliance the defendant offers, as he has a right to do under the statute, an undertaking on his part. That undertaking is provided for by the statute, and in its recital, in order to state for what purpose and under what circumstances it is given, it is set forth in plain language that the plaintiffs claim the chattels specified in the affidavit made on behalf of the plaintiffs, and that they have caused the same to be taken by the coroner of Erie county, pursuant to the Code of Civil Procedure, but the same has not yet been delivered to the plaintiffs, and because the defendant requires the return of the chattels replevied, therefore the sureties agree and undertake, as already mentioned. It was because of this undertaking that the defendant was enabled to retain possession of the property, and that undertaking used by the defendant recites the plain fact of the claim for the property made by the plaintiffs, and that it had been taken by the coroner pursuant to the Code of Civil Procedure. We do not think that under the circumstances the defendant should be allowed to contradict the admissions of fact made in his own bond, by virtue of which he kept the property which had been taken by the coroner, and we think he is properly concluded by the recitals in such bond, upon the question of what property was as matter of fact in his possession and taken by the coroner.

We cannot distinguish this case in principle from that of *Diossy* v. *Morgan* (74 N. Y. 11).

It is true that the facts in the *Diossy Case* differ from those herein. In the former the stone in controversy was on plaintiff's land and the defendant had placed men at work upon the stone, who were engaged in cutting it and assuming possession and ownership of it. The sheriff took the stone for the plaintiff on the requisition in the replevin action, and the

defendant prevented its delivery to plaintiff and procured its delivery to him by reason of the giving of the bond, which contained an admission that the property was taken from the possession of the defendant by the sheriff. The defendant upon the trial sought to show that he did not have possession of the stone when the action was commenced and this evidence was rejected, and upon appeal to this court it was held that such rejection was proper. It is thus seen that there was no dispute as to the identity of the property, which by virtue of his bond the defendant obtained, with that described in the affidavit, and none that such property was then in defendant's possession, and the only question was whether the defendant should be permitted to show that he did not have possession of the property when the suit was commenced, although his bond contained the written admission that he did. This court said, per RAPALLO, J.: "By means of this undertaking the defendants not merely prevented the delivery of the property by the sheriff to the plaintiff, but procured the delivery of it to themselves. The undertaking contains a plain admission that it was taken by the sheriff from their possession and consequently was in their possession at the time of the commencement of the action, etc." And again: " Our holding is that the undertaking contains the admission of a fact, of which the defendants have availed themselves to obtain possession of the property, and that, therefore, they cannot be permitted to retract it, so as to deprive the plaintiff of his right to a redelivery of the property to him."

Has not this defendant caused a bond to be executed, containing a plain admission of a fact, viz.: That the coroner had taken the property described in the affidavit from his (defendant's) possession; and has not the defendant, by reason of the bond containing such admission, procured the coroner to re-deliver to him such property thus taken from him? Certainly he has. If it had not been for the bond the property would have been delivered to the plaintiff, in which event the defendant could have shown that the property taken was not described in the affidavit, or was not that of the plaintiff.

Under such circumstances the plaintiffs would have been compelled to prove their whole case, including the fact that the property actually taken from defendant was the property described in their affidavit and in their requisition to the sheriff.

Instead of this, however, the defendant permits the coroner to take the property without a word of denial that it was the identical property described in the affidavit and requisition, and in addition thereto he causes the bond to be executed in order to take back the property, and therein he plainly admits that it is the same property. But now, upon the trial of the case, he asks to be permitted to show that not more than one-quarter of the property that was taken was that which was described in the affidavit. To allow this is to violate the principle of the *Diossy Case*, which was, that what was solemnly admitted as a fact by an admission in the bond, should not be contradicted on the trial. It is also most unjust that it should be otherwise. Where property is taken under a requisition, and the plaintiff sees by the bond which has been executed, and which, by the Code, is to be delivered to him by the sheriff (§ 1708), a plain and distinct admission that the officer has taken the property described in plaintiff's affidavit and requisition, he has a right to rely on such admission and take no further steps towards proving the point as to the possession by the defendant of the very property described in the requisition. He may also give up any attempt to seek further for property which the defendant solemnly admits he is himself in possession of. Otherwise, and in just such a case as this, the defendant having obtained delivery of the property upon executing the bond, and not having made the least denial or question at the time of the taking, but that the property taken was the same as the property described in the requisition, may at once sell or otherwise dispose of it. By so doing the plaintiff is precluded from any further examination of the property, and cannot in that way strengthen his contention that it was identical with that named in the affidavit. In addition to that the plaintiff is thrown off his guard by the

defendant's conduct and admission, and naturally would not on that very account take such steps and secure such proof as might otherwise be then procured to prove his case on that point.

Upon the trial, however, the defendant, notwithstanding his admission in his bond, asks to show that the property is not identical, and he thus endeavors to reap the advantage which the admission has given him in causing the plaintiffs to rely upon the same, and to come unprepared for the trial of such an issue.

Is it right that he should have such an opportunity at the plaintiffs' expense?

The course of the trial herein shows that the plaintiffs did rely entirely upon the admission in the bond for the purpose of proving the identity of the goods taken from defendant's possession with those described in the affidavit and requisition, and the bond was received in evidence for that purpose. If the denial had been made when the property was taken, the plaintiffs could have looked into the question more fully and have satisfied themselves either that the defendant was wrong, or, if right, could have given it up and made further search regarding the property they claimed. If they concluded to take it, and the sheriff was satisfied, then they would have been much more careful as to procuring proof of the identity of the goods claimed with those taken, and much better prepared to prove such fact upon the trial. But the course taken by the defendant wholly disarms them upon that point. Assuming the truth of the admission, and that there would be no denial of the fact of identity of goods or possession by defendant, the plaintiffs might naturally and rightfully rely upon such admission as to those facts and simply prepare themselves to prove the other material facts in the case, viz.: Title to the goods that were taken, assuming them to be the goods described in the affidavit and admitted in the bond.

It is to prevent such injustice that the *Diossy Case* says that the fact of the possession of the property by the defendant, which has been admitted in the bond, shall not be contradicted. In that case the injustice worked by the other rule

would lie in permitting the defendant to show as a defense the non-existence of a fact which he had already admitted in his bond, and by reason of which he had obtained the property, while in this case the injustice would lie in permitting the defendant to contradict a plain admission in a bond, by reason of which bond the property taken from him was restored to the defendant with all the advantages which such possession could give to him. The hardship would be with the plaintiffs to allow such proof.

If the defendant desire to raise the question of identity, he should raise it, not by admitting it in the bond and subsequently contradicting such admission, but he might sue the sheriff for the taking, or leave the property in his hands and try the case, and, if successful, the property would be returned or its value insured to him.

It is said that the recital in the bond was not necessary, as the fact is not, by the statute, made necessary to be stated. I do not see that that makes any difference. The bond itself is required by the statute, and in order to make it in anywise intelligible it is necessary that some statement should be made of the purpose for which it is executed, and the recital in question was made for that purpose, and I cannot see why it should not be just as conclusive in a case where the defendant wishes to deny the possession of part of the property as where he wishes to deny the possession of the whole.

The case of *Weber* v. *Manne* (42 Hun, 557) was reversed in this court. (105 N. Y. 627.)

The same principle has been held in other states. In *Mead* v. *Figh* (4 Ala. 279), it was held that a bond for redelivery of a chattel, which recited a levy and contained a promise to produce the chattel, could not be contradicted by showing that there was no such chattel and that the levy was fictitious. The court said: "The law gives the defendant a right to suspend the collection of the money upon his doing certain acts, and it could not be tolerated that he should be permitted afterwards to say these acts are not binding on him because they assert a falsehood."

In *Lucas* v. *Beebe* (88 Ill. 427), it was held that a party in a delivery bond, who therein admits the possession of the property, is bound by it, and if in such a bond proceedings before a justice of the peace in a certain entitled action are recited, the maker of the bond cannot contradict the recital by proof that there was no such suit. It is generally supposed, said the court, parties mean to bind themselves when they solemnly and deliberately make such statements in writing, the truth of which is attested by their signatures and seals.

In *Frost* v. *White* (14 La. Ann. 140), the same holding is maintained. Property was attached which was bonded by an intervenor, and a motion made to dissolve the attachment on several grounds, one of which was that no property was in fact attached. The court said the admission had been judicially made by giving a bond which contained a description of the property attached, and, therefore, the intervenor was concluded by his admission and estopped from denying its truth.

In *Shaw* v. *McCullough* (3 West Va. 260), the court said that parties voluntarily entering into a forthcoming bond, are estopped from all inquiry into the regularity or validity of the levy of the writ of *fieri facias* upon which the bond was taken. The bond recited the fact that the writ had issued and the property had been levied on, under it, and that was conclusive.

In *Schnaider Brewing Co.* v. *Niederweisser* (28 Mo. App. 233, 236), the defendant offered to show that certain of the property mentioned in the requisition and recited in the bond as having been taken under it, was in fact at the time that the bond was given, and ever since had been in plaintiff's possession. The evidence was excluded and the court held such exclusion to be right, because the respondents should not be permitted to contradict by oral testimony their own recitals in the bond given by them.

In *Carpenter* v. *Stearns* (32 Mo. App. 132), the court said that the defendants, having availed themselves of the benefits of the statute, which allows them to keep the property on giving a bond, are estopped from showing or

claiming on the trial ·that the property described in their delivery bond was never in their possession.

In *Hundley* v. *Filbert* (73 Mo. 34), the obligors in a delivery bond were estopped by a recital therein from showing that there was no levy upon which the property was taken.

In *State ex rel.* v. *Williams* (77 Mo. 463), it was held that a recital in a bond is a solemn admission by the obligor of the truth of the fact recited, and where in an action against him the bond is pleaded in *hæc verba*, the effect is the same as if there were a formal plea of estoppel. The claim was made in the above case that there was no proof that a party named was ever appointed guardian. The consideration of the bond recited that "whereas the above Robert H. Williams is the lawful guardian," etc. The court said, "this recital is a solemn admission by the defendants of William's guardianship," and defendant was held estopped by such admission from questioning the fact.

The case of *Miller* v. *Moses* (56 Me. 128) contains nothing opposed to these views. There the plaintiff in. the replevin suit, in order to get his requisition, gave a bond, and of course it was for all the property which he expected to replevy. He .was beaten in the action, and the defendant in that action thereupon sued on the bond to recover damages for taking his property. It was held in the latter action that the recital in the bond as to the purpose for which it issued, and describing *all* the property claimed, did not estop the defendant in such latter action from showing as a fact that only a part of the property described therein had been subsequently taken by the sheriff. The court said in such case the bond constitutes no estoppel. It is ordinarily given before the goods are replevied. It is based upon the writ, and assumes that what is ordered to be replevied, will be. But if not found, they cannot be, and for those that are found, the bond will be security and for no more.

This is not our case. Upon the whole, both on principle and authority, we think the evidence was not admissible, and the referee was, therefore, right in refusing the defendant's offer to show the alleged fact.

We have looked at the other questions arising in this case, and which the defendant contends were sufficient to procure the reversal of the judgment by the General Term. We think there is no merit in any of them.

The General Term erred in granting a new trial, and its order should, therefore, be reversed and the judgment upon the report of the referee affirmed, with costs.

All concur, except ANDREWS, J., not voting.

Order reversed and judgment affirmed.

On a subsequent motion for re-argument, the following opinion was handed down:

PECKHAM, J. Several grounds for this motion are stated. Among them it is urged that the court overlooked the fact that defendant in his answer denied that he ever had possession of the property mentioned in the plaintiffs' complaint or in the affidavit accompanying the requisition, and that it also overlooked the fact that section 1704 of the Code gives a defendant a right to demand a return of the chattels replevied, whether they were mentioned in the affidavit accompanying the requisition or not. Neither fact was overlooked.

The denial in the defendant's answer is of a somewhat ambiguous nature, and whether it could be fairly construed as raising a question as to the identity of the goods taken by the coroner with those described in the requisition, or only a question of title to the chattels, assuming those described in the requisition to have been taken by the coroner, is not clear. But this court assumed it to have been the former. One reason for regarding the proposed evidence as inadmissible was that the defendant by virtue of his bond had demanded and received a return of the property, and it being from that time in his possession and under his entire control, he could at once sell or otherwise dispose of the property and thus effectually prevent any further efforts at identification on the part of the plaintiffs. The service of an answer containing such a denial several weeks after the return of the property to defendant, would plainly have no

effect so far as defendant's opportunity to dispose of the property before its service was concerned. This seemed so apparent that it was not thought important to notice that particular fact. It is true the same thing might be done by a defendant executing the bond without any such recital. In that event, however, the vigilance of the plaintiff would not have been set at rest. He would see that as there was no admission he must rely on his own efforts to prove the fact, and they would probably be at once and vigorously enlisted for that purpose.

The provisions of the Code (§ 1704) were also not overlooked. The fact that the defendant has under that section the right to a return of the property taken by the sheriff on giving a bond, etc., even though it be not the property described in the requisition, was noticed and its effect appreciated by us. If the property taken be not the property mentioned and described in the requisition, then there is neither necessity nor propriety in reciting in the bond that it is such property. Where such recital is made it is evidence that the defendant intends to litigate only the question of title, and not the question of the identity of the goods. Under such circumstances there is still greater reason why the plaintiff should rely on it, and why the defendant should be bound by it. He recovers the possession of the property by reason of the bond, and he therein asserts that it is the same property mentioned in the requisition. There is nothing in the opinion criticised which shows that the only remedy of the defendant in this case was to sue the sheriff or leave the property in his hands. The counsel has made a most earnest argument in his brief, founded upon the general merits of his claim. We are entirely unconvinced of the error of our decision and we do not share in the fear of the serious calamities that may follow our persistence in it. On the contrary, we think gross injustice may follow the adoption of the other rule, as we have attempted to point out.

Two cases have been cited in the brief of the learned counsel which he claims are conclusive upon the question in controversy and which were not cited on the argument, and upon them he

specially bases his application for a re-argument of this case. They are *Carpenter* v. *Buller* (8 M. & W. 209) and *Reed* v. *McCourt* (41 N. Y. 435).

The first was an action brought for a trespass alleged to have been committed upon a lot belonging to the plaintiff, and upon a trial before COLERIDGE, J., the defendant gave in evidence a deed made between the defendant and the plaintiff and one William Fanshawe, in which was claimed to be an admission by way of a recital, that the land in question belonged to the defendant. The deed was admitted in evidence, but it was contended by plaintiff's counsel that the recital, though so admissible was not conclusive, and he proposed to show that the admission was made under a misapprehension. The evidence as to the mistake was admitted and a verdict was found for the plaintiff. The defendant obtained a rule to show cause why the verdict should not be set aside on the ground that the recital was conclusive against the plaintiff, and after argument upon that order the judgment of the court was delivered by PARKE, B., and it was held that the admission was not conclusive and that the judgment was correctly given for plaintiff. It was held to be not conclusive because the action in question was not founded on the deed, but was wholly collateral to it, and, therefore, the party ought to be permitted to dispute the facts so admitted.

The case in the Forty-first New York is of the same nature, although an action of ejectment. The recitals in both cases were, as stated in each, wholly collateral to the action then on trial. They had no relation to it whatever, directly or indirectly. It was nothing more than the case of an admission in a matter in nowise connected with the action in which it was desired to use it as conclusive evidence. Upon no basis of common sense could it be done.

But in the case at bar it is entirely different. While, technically, the action is not upon the undertaking, yet still the undertaking was executed on the part of the defendant, pursuant to the Code, and as one of the steps in the conduct of this very action, and it was by reason of its execution and

delivery to the plaintiffs that the property which the coroner had taken was re-delivered to the defendant. He thus in this action, re-possesses himself of the property in dispute, because of this bond. It is not, therefore, wholly collateral to the action. It plays a most important part therein, and by reason of its execution, the plaintiffs herein were prevented from themselves obtaining possession of the property. How can it be said that under such circumstances the instrument is wholly collateral to the action upon trial? So far from being wholly collateral, it is intimately connected with, and is part of the steps necessarily and properly taken in the conduct of the action itself. The learned counsel for the respondent admits that if the action had been brought directly upon the undertaking, the evidence in question would not have been admissible. It seems to us that it is not necessary that the action should be distinctly and technically upon the undertaking itself, in order to rule out the evidence under the very cases cited. The action must not only be separate and distinct from one upon the bond, but the bond itself must be wholly collateral to the action, and, as I have said, it cannot be contended that the undertaking in this action is wholly collateral to it when it is a step in the action itself, taken by virtue of the law in regard to such cases, and when the defendant has acquired possession of the very property in dispute by reason of the bond.

The action of *Diossy* v. *Morgan* (74 N.Y. 11), with the decision in which the counsel finds no fault, was no more brought upon the undertaking than is this action, and the undertaking is no more collateral in this action than was the undertaking in that of Diossy. If the counsel be right in his claim that this action is not only not brought upon the undertaking, but the undertaking is wholly collateral to it, then the Diossy case was, in any event, wrongly decided. But the estoppel, in that case, was based entirely upon the recital in that undertaking. The opinion of Judge RAPALLO is plain upon that point, and upon that question the two cases cannot be distinguished.

The other cases cited by the counsel are of the same nature as those already referred to.

The learned counsel says our decision holds that an unnecessary recital in a written instrument estops the party making it from denying its truth, not only in actions on the instrument, but in any case where the instrument may be invoked as evidence of the facts recited. Also, that a party to an action, discovering that his opponent, inadvertently, and in the most general terms, has admitted, in writing, a question in issue, may fold his hands and rely upon the admission as estopping his opponent from proving the contrary, however erroneous the admission may be. The decision which we have made in this case cannot be tortured into holding either of the two propositions advanced by the counsel. The facts which we have spoken of so often as almost to be wearisome are wholly ignored in these statements and the character of the action, as related to the instrument containing the recitals, is mistakenly described.

We see no reason for granting a re-argument and the motion is, therefore, denied, with $10 costs.

All concur.

Motion denied.