Lawrence, J.
I am in favor of affirming the judgment dismissing the complaint. Even if it be conceded, as is contended for by the appellant’s counsel, that the defendants were estopped from alleging that the chattels referred to in the complaint were not in their possession, and that they were not sufficiently identified upon the trial, for the reason that they had given an undertaking under the provisions of the Code to rebond the property, Martin v. Gilbert, 119 N. Y., 298; 29 St. Rep., 440, it seems to me that the bona fides of the mortgages executed by Boynton to Claflin & Company and Blumenthal Bros. & Co. were so thoroughly established by the preponderance of proof that the learned justice before whom the cause was tried would not have been justified in submitting that question to the jury. The authorities establish that if the evidence in cases of this nature would be insufficient to sustain a verdict for the plaintiff, the court is justified in taking the case from the jury even though the issue is one of fraud.
In Dwight v. The Germania Life Insurance Company, 103 N. *16 Y., 341, 358; 3 St. Rep., 115, the court say: “It is claimed by the plaintiffs that if there is a scintilla of evidence in support of a proposition, or if the evidence against it does not .amount to a demonstration, that a question is raised which must be left to the jury. We do not so understand the rule. If the proof of a fact is so preponderating that a verdict against it would be set aside by the court as contrary to the evidence, then it is the duty of the court to direct a verdict” It was said in Baulec v. N. Y. & Harlem R. R. Co., 59 N. Y., 356, 366, by Judge Allen, that “It is not enough to authorize the submission of a question as one of fact to the jury that there is ' some evidence.’ A scintilla of evidence, or a mere surmise that there may have been negligence on the part of the defendants, would not justify the judge in leaving the case to the jury;” quoting from Williams, J., in Toomey v. Railway Co., 3 C. B., N. S., 146; see Culhane v. N. Y. Cen., etc., R. R. Co., 60 N. Y., 133, 136; McKeever v. N. Y. Cen., etc., R. R. Co., 88 id., 667. In Hyatt v. Johnston, 91 Penn. St., 200, Justice Sharrett says: “Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question of law for the courts is, not whether there is literally no evidence, or a mere scintilla, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established.” Citing Ryder v. Wombwell, L. R., 4 Exch., 39. The rule held by the supreme court of the United States is expressed by Mr. Justice Clifford in Improvement Co. v. Munson, 14 Wall., 442, as follows: “Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what was called a scintilla of evidence in support of a case, the judge was bound to leave it to the jury ; but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof rests.” To the same effect are Pleasants v. Fant, 22 Wall., 120; Commissioners, etc., v. Clark, 94 U. S., 284; Griggs v. Houston, 104 id., 553; Bagley v. Cleveland Rolling Mill, 21 Fed Rep., 159; Wittkowsky v. Wasson, 71 N. C., 451. See also, Morris v. Talcott, 96 N. Y., 100-104; Macullar v. McKinley, 99 id., 853-357; Bulger v. Rosa, 119 id., 459-463; 29 St. Rep., 678; Powers v. N. Y. C. & H. R. R. R. Co., 60 Hun, 19-23; 38 St. Rep., 558.
_The fact that the evidence adduced by the plaintiff respecting the bona fides of the mortgages came from the examination of the defendants, and those in their employ, did not require the justice to submit that question to the jury. The evidence was uncontradicted that the mortgages had been given, not only for past indebtedness, which would not have been sufficient to have con *17 stituted the defendants bona fide purchasers of Boynton, but that they were given for additional loans made without any knowledge on the part of the defendants, Claflin & Company and Blumenthal Brothers & Company, that there had been any fraud committed by Boynton in the purchase of the goods from the plaintiff.
In the case of Lomer v. Meeker, 25 N. Y., 361, it was held that the fact that the jury may choose to discredit evidence not impeached and not incredible on its face, is no reason for submitting it to them. In that case the court said: “ It is a mistake to suppose that because the evidence came from the defendant after the plaintiff had rested, the case must go to the jury. In Pratt v. Hull, 13 Johns., 334, it was held to be the duty of the court to nonsuit when the evidence offered by the plaintiff did not support his action, and that it was error to refuse the nonsuit, for which a bill of exceptions would lie. In 19 Johns., 159, Judge Spencer says: ‘ If the court can rightfully nonsuit the plaintiff upon undisputed facts, when the law is against him, they ought to do so ; and the refusal to dojt is error in point of law.’ * * * The judge in this case should, therefore, have nonsuited plaintiff or dismissed the complaint, which is equivalent to a nonsuit The argument is that this could not properly be done, because there was a question of credibility raised in respect to the witness Bock, who proved the usury. But this objection is untenable. The witness was not impeached or contradicted. His testimony is positive and direct and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony. The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by the court or jury arbitrarily or capriciously. They are bound to believe, for judicial purposes, such testimony.” See also Kelly v. Burroughs, 102 N.Y., 93; 1 St. Rep., 161.
That the defendants made the loans in question in good faith cannot, I think, be disputed upon the testimony in this case. Nora Boynton had been placed in possession of the property, with all the indicia of ownership, and the fact that the defendants made their loans upon the faith of such possession, and without any notice of any fraud upon her part in purchasing the goods from the plaintiff and acquiring possession thereof, is overwhelmingly established by the proofs. See Simpson v. Del Hoyo, 94 N. Y., 189; Valentine v. Lunt, 115 id., 496; 26 St. Rep., 254. The evidence in the case does not show that the defendants had constructive notice of the intention of Nora Boynton, if such an intention existed, to defraud the plaintiff in purchasing the goods in question. See Parker v. Conner, 93 N. Y., 118; Stearns v. Gage, 79 id., 102.
In Stearns v. Gage, it was held that a purchaser for a valuable consideration is not chargeable with constructive notice that the conveyance to him was made by his vendor with intent to defraud creditors, and that actual notice is required to impair or affect his title.
In Parker v. Conner, it was held that, in order to render a sale for a valuable consideration of personal property delivered at the *18 time of the sale and taken into actual possession of the vendee invalid as against the creditors of the vendor, it is necessary to show that the vendee had actual knowledge or belief, or at least actual suspicion, that the sale was being made with intent on the part of the vendor to defraud his creditors. It was further held that no duty of active diligence is cast upon the purchaser, in favor of the creditor, requiring him to suspect and investigate the motives of the vendor, and that while, if he knows or believes them to be fraudulent, he makes himself by the purchase a party to the fraud, fraud may not be imputed to him by the application of strict rules of constructive notice, and actual good faith will protect him.
In this case, as already observed, I am of the opinion, upon the evidence, not only that the mortgages in question were given partially to secure bona fide loans made to Boynton by the defendants, but also that no facts or circumstances were brought home to the knowledge of the defendants which should have induced them to suspect that their mortgagor had fraudulently acquired title to the property upon which the mortgages were given. Being of the opinion, therefore, that there was no evidence requiring the justice at circuit to submit the question of the bona fides of the mortgages to the consideration of the jury, without considering many other questions which are discussed in the points of counsel, I am of the opinion that the judgment below should be affirmed, with costs and disbursements.
Van Brunt, P. J.
The plaintiffs were bound to impeach the right to possession of Blumenthal and Claflin. They assumed this burden and failed. The judgment must be affirmed, with costs.
O’Brien, J.,