BENJAMIN EASTON, JUN., *vs.* TIMOTHY J. DRISCOLL *et als.*

A bond or deed cannot be delivered, as an escrow, to the obligee or grantee named in it. Such a delivery is absolute in law and parol evidence of qualifying conditions is inadmissible.

In an action upon a bond made between the parties to it the obligor cannot deny a distinct statement of fact made in the bond's recital.

One who by giving a statutory bond to an attaching officer obtains the surrender of chattels attached, is estopped from denying the attachment.

DEBT on bond. On demurrers to pleas.

The condition of the bond in suit is as follows:

"The condition of this obligation is that whereas the said Benjamin Easton, Jun., is constable of the city of Newport, in the State of Rhode Island; and whereas, the above named Benjamin Easton, Jun., as such constable has attached upon a certain writ dated July 25, 1890, wherein Samuel Kessler and Adolph Kessler are plaintiffs and Timothy J. Driscoll is defendant, which said writ is returnable to the District Court of the first Judicial District, to be held at Newport in the State of Rhode Island, on the fifth day of August, A. D. 1890, the following described goods and chattels, viz: (Follows the description.)

"And whereas, after such attachment as aforesaid, the said Benjamin Easton, Jun., constable, has upon tender and

delivery to him of this bond, surrendered said goods and chattels so attached as aforesaid to the defendant.

"Now, therefore, if at any time after final judgment shall have been rendered in the action in which such attachment was made, said goods and chattels shall upon request therefor be (in as good order and condition as when so surrendered) returned to the officer taking this bond or to any officer who shall be charged with the service of an execution levied or issued upon the judgment rendered in the action commenced by said writ, or if said judgment shall have been paid or shall immediately be paid, together with the costs upon such execution, upon the making of such request for the return of said goods and chattels, then this obligation shall be void, otherwise shall be and remain in full force and effect."

*Providence, June* 12, 1893. TILLINGHAST, J. The defendants' second plea, after craving *oyer* of the bond sued on, and reciting the conditions thereof, alleges that the defendants ought not to be charged thereon because the writing obligatory in said declaration mentioned was delivered by them to the plaintiff as an escrow, to be kept by him on the special condition that if Jeremiah J. Lynch, one of the defendants, should within five days then next following, sue out a writ of replevin against the plaintiff for the goods and chattels mentioned in the condition of said writing obligatory, then, and in that case the same should be immediately discharged, annulled and held for nothing, and be returned and re-delivered to the said defendants; but that in default of the suing out of said writ of replevin by said Lynch within said time, then the said writing obligatory should stand and remain in full force. And the defendants further say that within the space of said five days from the making and delivery of the said writing obligatory as an escrow to the plaintiff for the purpose aforesaid, the said Lynch did sue out the said writ of replevin against said Easton, constable ; whereby the said writing obligatory, became and was wholly discharged, annulled and vacated, and so the said defendants say that the same is not their deed.

·The defendants' third plea, after craving *oyer* as aforesaid, and setting out the conditions of said writing obligatory, alleges that they ought not to be charged thereon, because the plaintiff did not in fact make any levy of the writ of attachment in the declaration mentioned, upon the goods and chattels described in the condition of said writing obligatory or upon any part thereof.·

To these two pleas the plaintiff has filed a demurrer as follows : " As to the second and third of the defendants' aforesaid pleas, the plaintiff says, (*precludi non*) because, he says, the said pleas are both insufficient in law to exonerate the said defendants, and this the plaintiff is ready to verify. Wherefore, &c."

Signed by his attorneys.

Although quite defective in form, we will treat this as a general demurrer to said pleas.   1 Chitty on Pleading, *644 ; *Leaves* v. *Bernard*, 5 Mod. 131 ; *Earl of Leicester* v. *Heydon*, 1 Plowd. 384, 400.

We think the first plea is bad.   It sets up that the bond in suit was delivered to the plaintiff as an escrow, as aforesaid, and that the condition upon which it was delivered has been performed.   "An escrow," as well defined in 6 Amer. & Eng. Encyc. Law, 857, "is an obligatory writing, usually, but not necessarily in the form of a deed, delivered by the party executing it to a third person, to be held by him until the performance of a specified condition by the obligee, or the happening of a certain contingency, and then to be delivered by the depository to the obligee, when it becomes of full force and effect."   It cannot be delivered to the grantee or obligee as an escrow, to take effect on a condition not appearing on its face, but the delivery must be made to a stranger, one not a party, otherwise it will become absolute at law, and parol evidence of conditions qualifying it is inadmissible.

As stated in Sheppard's Touchstone, 59, " If I seal my deed, and deliver it to the party himself, to whom it is made, as an escrow upon certain conditions, etc., in this case, let the form of words be what it will, the delivery is absolute, and the deed shall take effect as his deed presently."   See also

*Fairbanks* v. *Metcalf*, 8 Mass. 230; *Arnold* v. *Patrick*, 6 Paige, 310; *Cocks* v. *Barker*, 49 N. Y. 107, 110; *Black* v. *Shreve*, 13 N. J. Eq. 455; *Pawling* v. *United States*, 4 Cranch, 219; *Truman* v. *McCollum*, 20 Wisc. 360.

The third plea is also bad. It alleges the fact of the making of the attachment, by the plaintiff constable, of certain goods and chattels set out to him as the goods and chattels of the defendant Driscoll; of the subsequent tender and delivery to the plaintiff, of the bond in suit, and also of the surrender thereupon, of said goods and chattels, so attached, to the said defendant. In the face of these allegations it then proceeds to state that said plaintiff did not in fact make any levy of the writ of attachment, upon said goods and chattels or upon any part thereof. This the defendants cannot be allowed to do. For it is a well settled rule of law that where a distinct statement of fact is made in the recital of a bond, it is not competent for the party bound, to deny the recital, in an action upon the instrument and between the parties to it. Murfree on Official Bonds, § 133. And where parties intervene, as they have done in this case, and obtain the release and surrender of the property attached, by giving a statutory bond to the officer, they are certainly estopped from denying the fact that said property has been attached. Indeed, they have judicially admitted it by the act of giving said bond. *Frost & Co.* v. *White*, 14 La. Ann. 140. See also 1 Wade on Attachment, § 190; *Smith* v. *Fargo*, 57 Cal. 157; *Bowers* v. *Beck*, 2 Nevada, 139; 7 Lawson's Rights, Remedies & Practice, § 3579, and cases cited in note 6.

*Demurrers sustained and pleas overruled.*

*Patrick J. Galvin & Charles A. Ives*, for plaintiff.
*Frank F. Nolan*, for defendants.