ROUSE v. HAAS et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

REPLEVIN—RECITALS IN UNDERTAKING.

Where the defendant in replevin proposes to contest, not only the question of title, but the identity of the property seized with that described in the affidavit, there is neither necessity nor propriety in reciting in the undertaking given by him to secure its return, under Code Civ. Proc. § 1704, that the property sought to be returned is the property mentioned and described in the affidavit; for he has a legal right to try the question of identity, and should not be prejudiced by a recital in the undertaking.

Appeal from special term, New York county.

Action by Callman Rouse against Leopold Haas and others. From an order directing defendants to serve a new undertaking, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Manheim, for appellant.
Benno Loewy, for respondents.

McLAUGHLIN, J. Appeal by plaintiff from an order directing defendants to give a new undertaking upon their demand for the return of certain property seized by the sheriff in an action of replevin. The error alleged to have been committed is that the undertaking directed to be given does not comply with section 1704 of the Code of Civil Procedure, in that it does not contain a recital that the property sought to be returned is the property mentioned and described in the affidavit. We think a sufficient recital is set out in the undertaking. If the property taken be not in fact the property mentioned and described in the affidavit, then the defendants were not required to insert a recital to that effect in the undertaking given by them. And, to compel them to incorporate such recital therein, would simply be requiring them to state what is untrue. The court of appeals, in Martin v. Gilbert, 119 N. Y. 298, 23 N. E. 813, and 24 N. E. 460, distinctly held that, where the identity of the goods is disputed, "then there is neither necessity nor propriety in reciting in the bond that it is such property. Where the recital is made, it is evidence that the defendant intends to litigate only the question of title, and not the question of the identity of the goods." The defendants, by giving the undertaking in the form they did, thereby notified the plaintiff that they proposed to litigate, not only the title, but the identity of the property as well. They have a legal right to try this question, and should not be prejudiced upon the trial in any manner by a recital in the undertaking. The appellant

is not in a position to complain of the form of the undertaking in other respects, since it was amended at his request, and as he desired. The court had the power to order the amendment. Code Civ. Proc. § 1705.

We think the order should be affirmed, with $10 costs and disbursements. All concur.