CALLMAN ROUSE, Appellant, *v.* LEOPOLD HAAS and Others, Respondents.

*Replevin — an undertaking to reclaim property — it need not be described as being the same property described in the plaintiff's affidavit — what is notice that the defendants will contest the identity of the property.*

An undertaking given by the defendants upon a demand for the return of property seized by the sheriff in an action of replevin need not, in order to comply with section 1704 of the Code of Civil Procedure, necessarily recite that the property thus sought to be returned is that mentioned in the affidavit of

the plaintiff; where it does not contain that recital such omission on the part of the defendants constitutes notice to the plaintiff that the defendants propose to litigate, not only the title, but also the identity, of the property taken by the sheriff, as they have a legal right to do.

APPEAL by the plaintiff, Callman Rouse, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of November, 1897, directing the defendants to serve a new undertaking in a replevin suit.

*Louis Manheim,* for the appellant.

*Benno Loewy,* for the respondents.

McLAUGHLIN, J.:

Appeal by plaintiff from an order directing defendants to give a new undertaking upon their demand for the return of certain property seized by the sheriff in an action of replevin.

The error alleged to have been committed is that the undertaking directed to be given does not comply with section 1704 of the Code of Civil Procedure in that it does not contain a recital that the property sought to be returned is the property mentioned and described in the affidavit.

We think a sufficient recital is set out in the undertaking. If the property taken be not in fact the property mentioned and described in the affidavit of the plaintiff, then the defendants were not required to insert a recital to that effect in the undertaking given by them. And to compel them to incorporate such recital therein would simply be requiring them to state what is untrue. The Court of Appeals, in *Martin* v. *Gilbert* (119 N. Y. 298), distinctly held that, where the identity of the goods is disputed, "then there is neither necessity nor propriety in reciting in the bond that it is such property. Where such recital is made, it is evidence that the defendant intends to litigate only the question of title and not the question of the identity of the goods." The defendants, by giving the undertaking in the form they did, thereby notified the plaintiff that they proposed to litigate not only the title, but the identity of the property as well. They have a legal right to try this question, and should not be prejudiced upon the trial in any manner by a recital in the undertaking,

The appellant is not in a position to complain of the form of the undertaking in other respects, since it was amended at his request and as he desired. The court had the power to order the amendment. (Code Civ. Proc. § 1705.)

We think the order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.