H. E. GAULDEN, *Plaintiff in Error*, v. A. L. HILL, *Defendant in Error.*

## Opinion Filed February 28, 1921.

1. Where the articles claimed in a replevin affidavit are identical with those enumerated in the defendant's forthcoming bond, it is error for the court to permit the defendant to offer evidence that he did not receive a part of the property described in his forthcoming bond.

2. One who gives a forthcoming bond in a replevin suit is estopped from denying that the property was in his possession at the commencement of the action, and the giving of the bond for the return of the replevied property precludes the defendant from asserting that less property was replevied than was described in the bond.

3. Where defendants in a replevin action are permitted to retain possession of the property upon giving a forthcoming bond, they are estopped from denying that the property was found in their possession at the time of the levy of the writ.

4. The recital in the bond of the amount of property in the possession of the defendant does not preclude the plaintiff from proving that he claims less property than is described in the affidavit or in the bond, and the introduction of such testimony by the plaintiff does not open the question so as to permit the defendant to assert and prove that less property was replevied than is claimed by the plaintiff.

A Writ of Error to the Circuit Court for Brevard County; E. B. Donnell, Judge.

Judgment reversed.

*L. S. Gaulden* and *Stewart & Stewart,* for Plaintiff in Error;

*Landis, Fish & Hull,* for Defendant in Error.

BROWNE, C. J.—Mrs. H. E. Gaulden brought an action in replevin against A. L. Hill to recover certain personal property described in her replevin affidavit. A forthcoming bond was given by the defendant in which the property held by the defendant was described identically as in the affidavit.

Hill, the defendant in the replevin suit, acquired possession of the property under a conditional sale contract between the defendant Hill, as the buyer, and H. E. Gaulden, Sable Brothers, W. G. Tilghman and the Southern Iron and Equipment Company, who were designated in the contract as the sellers. The contract was duly signed by Mrs. Gaulden, W. G. Tilghman, Sable Brothers and A. L. Hill, but was not signed by the Southern Iron and Equipment Company.

On the trial, several efforts were made to introduce this contract in evidence, but objections to its introduction were sustained on the ground that one of the parties had not signed it. The contract was signed by Mrs. H. E. Gaulden and A. L. Hill, who were the only parties to the replevin action, and the contract was offered in evidence to show what was the agreement between these parties for the sale of Mrs. Gaulden's interest in the property that Hill had taken possession of under the contract.

The contract is dated April 2, 1916, and on August 14, 1916, the defendant Hill executed two notes for $807.50 each, payable respectively in three and six months after date to the order of the Volusia County Bank as trustees for account and use of H. E. Gaulden, Sable Brothers, W. G. Tilghman and Southern Iron and Equipment Com-

pany. Both notes were assigned to H. E. Gaulden by W. G. Tilghman, Landis and Fish, Sable Brothers and Silas B. Wright for their interest therein. On the note payable in three months there are indorsements showing a payment of $500.00 on December 30, 1916, distributed as follows: H. E. Gaulden $111.45, Sable Brothers $33.80, Tilghman $312.00, Sou. Iron & E. Co. $42.75.

Both notes contain this recital:

"This note is given as part purchase money for iron rail, locomotive, log trucks, etc., sold and delivered under a contract of purchase and sale between the parties hereto, dated 27th day of April, A. D. 1916, and this note is made pursuant to said contract and subject to all of the terms thereof. Title to said rail, etc., delivered to remain in the sellers under the contract and in all things this note to be in accordance with the terms of said contract."

There was thus a recognition by Hill of the validity of the contract and its binding force upon him and Mrs. Gaulden, nearly four months after the execution of the contract, and a further recognition of its validity by a payment on it of $500.00 more than four months after its execution, and a month and a half after its maturity.

The contract was offered in evidence at the various stages of the trial, and on each occasion objections to its introduction were sustained. Prior to the last attempt to introduce it, it had been proven that the Southern Iron and Equipment Company had assigned all its rights under the contract to Mrs. H. E. Gaulden, the plaintiff in the replevin suit.

We do not think that the absence of the signature of one of the parties who was not concerned in the litigation and was making no claim to any of the property, was

a valid objection to the introduction of the contract in evidence when taken in connection with the testimony showing acquiescence in the contract by Hill, by taking possession of the property, giving notes in pursuance with the terms of the contract, and the proffered testimony showing an assignment to Mrs. Gaulden of the Southern Iron and Equipment Company's interest in the contract.

We think the contract should have been received in evidence, and its exclusion was error.

The defendant, A. L. Hill, was allowed to testify over the objection of the plaintiff, that he did not receive all the articles described in his forthcoming bond.

The articles claimed and described by Mrs. Gaulden in her replevin affidavit are identical with those enumerated in the defendant's forthcoming bond, and it was error for the court to permit the defendant to offer evidence that he did not receive a part of the property described in his forthcoming bond.

There is some conflict in the authorities with regard to the effect as to the obligor of a recital in a replevin bond of the value of the property replevied, but there is no conflict with regard to the rule that one who gives a forthcoming bond in a replevin suit is estopped from denying that the property was in his possession at the commencement of the action, and that the giving of a bond for the return of replevied property precludes the defendant from asserting that less property was replevied than was described in the bond. 23 Ruling Case Law, 898; Martin v. Gilbert, 119 N. Y. 298, 23 N. E. Rep. 813, 24 N. E. Rep. 460.

"Where defendants in such action are permitted to retain possession of the property upon giving a forthcoming bond, they are estopped from denying that the property was found in their possession at the time of the levy of the writ." Benesch v. Waggner, 12 Colo. 534, 21 Pac. Rep. 706.

The recital in the bond of the amount of property in the possession of the defendant, however, does not preclude the plaintiff from proving that he claims less property than is described in the affidavit or in the bond, and the introduction of such testimony by the plaintiff does not open up the question so as to permit the defendant to assert and prove that less property was replevied than is claimed by the plaintiff.

Having decided that the plaintiff should have been permitted to introduce the contract in evidence, it was error to exclude the notes given by Hill pursuant to the contract.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.