# LAMPING BROS.

## *v.*

## WILLIAM PAYNE.

83   463  
26a  212  
83   463  
68a  613  
83   463  
168  630  
83   463  
196  [1]319

1. REPLEVIN—*matter of inducement in plea is not traversable.* Where a plea, in an action of replevin, sets up an execution against a third party, and a levy by the defendant, as an officer, of such execution upon the goods in dispute as the property of such third party, and avers that the goods in dispute were the property of such third party, and were not the property of the plaintiff, the averments as to the execution and levy are mere matters of inducement, which may be treated as surplusage, and still the plea would present a good defense to the action.

2. By a general demurrer to such a plea, the plaintiff confesses that the goods in question are not his, as claimed in his declaration, but are the goods of another; and that being so, the action can not be maintained, and it is unimportant whether the defendant, as to the one confessed to be the owner, has a lawful right to meddle with the goods or not.

3. STATUTE—*construction of, as to alternative judgment in replevin.* Section 22, chapter 119, Revised Statutes of 1874, page 853, applies only to cases where the general property is in the plaintiff, and the defendant shows a

special property, consisting of a right to hold the property as against the plaintiff only for a certain sum of money, as, where the defendant shows special property by a levy of a *fi. fa.* against the plaintiff, or where he holds the property by virtue of some lien, as a carrier, warehouseman or otherwise.

Writ of Error to the Circuit Court of Rock Island county; the Hon. George W. Pleasants, Judge, presiding.

This was replevin, brought in the circuit court, by plaintiffs in error, against defendant in error, for certain goods found in the possession of defendant.

Among other pleas, defendant pleaded a plea, called fourth plea, which was as follows:

"And the defendant, for a further plea in this behalf, says *actio non*, because he says that, at the time when, etc., he, the defendant, was sheriff of said county of Rock Island, and on the twelfth (12) day of September, A. D. 1874, at the county aforesaid, two executions came into his hands as such sheriff, issued by the clerk of the circuit court of said Rock Island county, under the seal of said court, bearing date the 12th day of September, A. D. 1874, one of said executions being issued on a judgment in said court recovered on the eleventh (11) day of September, A. D. 1874, in a suit wherein the Hargraves Manufacturing Company was plaintiff and one Michael J. Murphy was defendant, for the sum of $342.32, damages, and the costs of suit, which said execution, by the misprision of the clerk of said court in issuing the same, recites said judgment as recovered on the 11th day of September, A. D. 1804, and the other of said executions being issued on a judgment recovered in said court on the said 11th day of September, A. D. 1874, in a suit wherein Jay C. Wimple and Daniel C. Connell, partners, etc., as J. C. Wimple & Co., were plaintiffs, and Michael J. Murphy was defendant, for the sum of $424.97, damages, and costs of said suit; which last mentioned execution, by the misprision of the clerk of said court in issuing the same, recites said last named judgment as recovered on the 11th day of September, A. D. 1804, which said judgments were then and there in full force and effect, and the money

due thereon unpaid, which said executions, issued as aforesaid, were directed to the defendant, as such sheriff, to execute, and that, by virtue of said executions, the defendant, as such sheriff as aforesaid, did, on, etc., and in the lifetime of said executions, at the county aforesaid, take the said goods and chattels in said declaration mentioned, and levy upon the same, by virtue of the executions as aforesaid, as the property of said Michael J. Murphy; and the defendant avers that the said goods and chattels in said declaration mentioned, at the time said executions came into the hands of defendant, were the property of the said Michael J. Murphy, and were subject to execution, and that *said goods* and *chattels were not*, nor *were any part of them*, at the said time, etc., *in the plaintiff*, as by said declaration is alleged and claimed, and this the defendant is ready to verify, wherefore he prays judgment, etc."

To this plea a general demurrer was interposed, which the circuit court overruled, and gave judgment in bar of the action and for a return of the property.

Mr. John B. Hawley, for the plaintiffs in error.

Mr. Robert T. McNeal, and Mr. Wm. H. Gest, for the defendant in error.

Mr. Justice Dickey delivered the opinion of the Court:

It is insisted that the demurrer to this plea ought to have been sustained, and that the plea is faulty in not alleging that defendant "was duly elected and qualified as sheriff," and in not showing that the executions mentioned did, upon their face, run "in the name of the People of the State of Illinois," and in not showing that defendant indorsed upon the executions the time when they came into his hands, and in not showing that the goods in question were the property of Murphy at the time of the levy, and because the plea showed that the executions were void upon their face, etc.

Without considering the question as to the importance of

the matters herein presented, if they were found in a material and traversable part of the plea, the judgment of the circuit court must be sustained, upon the ground that all the allegations called in question relate merely to matter of inducement, which may all be rejected as surplusage, and still the plea shows a complete defense to the action; that the goods were the property of Murphy, and "that the said goods and chattels were not, nor were any part of them, in the plaintiffs, as alleged," etc.

By the demurrer to this plea, the plaintiffs confess, upon the record, that the goods in question are not the goods of the plaintiffs, but are the goods of one Murphy. That being so, the action can not be maintained, and it is wholly unimportant whether the defendant had or had not, as between him and Murphy, a lawful right to meddle with the goods.

It is contended that the judgment should have been in the alternative, under section 22, chapter 119, Revised Statutes of 1874, page 853. The provision applies only to cases where the general property is in the plaintiff, and the defendant shows a special property, consisting of a right to hold the property, as against the plaintiff, only for a certain sum of money, as, where the defendant showed special property by a levy of a *fi. fa. against the plaintiff*, or where defendant holds the property as the property of the plaintiff, but by virtue of some lien, as carrier, warehouseman or otherwise.

Upon this record, the plaintiff, by his own confession, has no interest in the property, and is not entitled to the possession under any circumstances.

The judgment of the court below is affirmed.

*Judgment affirmed.*