## Mary M. Woodbury
### v.
## Walter C. Tuttle.

*Replevin—Husband and Wife—Fraudulent Conveyance—Exemptions—Instructions—Alternative Judgment.*

In an action of replevin, brought by a wife to recover property levied upon by virtue of an execution against her husband, it is *held:* That the jury were warranted in finding that the conveyance by the husband to the wife was fraudulent as to his creditors; that an instruction containing an imperfect statement of the husband's right of exemption, was properly refused; and that there was no substantial error in the failure of the court below to render an alternative judgment, especially as the plaintiff made no demand for such a judgment.

[Opinion filed November 18, 1887.]

Appeal from the Circuit Court of Vermillion County; the Hon. J. W. Wilkin, Judge, presiding.

Messrs. H. P. Blackburn and J. B. Mann, for appellant.

Mr. W. R. Lawrence, for appellee.

.Wall, J.    This was an action of replevin by the appellant against the appellee.    The appellee, as Sheriff, had levied upon the property by virtue of an execution against the husband of the appellant.    The property had belonged to the husband, but was claimed by appellant under a transfer in writing acknowledged and recorded pursuant to Sec. 9, Chap. 68, R. S.    The only objection taken to this transfer was that it was made in bad faith and for the fraudulent purpose of hindering and delaying the creditors of the husband.    The chief circumstance to sustain this charge was the inadequacy of the consideration.

We are of opinion that the jury were warranted in their conclusion that the transaction was fraudulent.    All the evi-

dence considered, it is highly probable that the controlling purpose of the parties was to place the property beyond the reach of creditors. There is no substantial error in the instructions upon this branch of the case.

It is urged that the court should have given the following instruction asked by appellant:

"In this State a man who is the head of a family and residing with the same, is entitled to an exemption of four hundred dollars in personal property, and such property can not be held for the payment of any indebtedness he may owe, and he can sell it, give it away, or dispose of it as he sees fit, and no creditor has a right to question his disposal of it."

Under the present statute the debtor may claim as exempt necessary apparel, Bibles, school books and family pictures. If he is the head of a family he may also claim $400 worth of other property to be selected by him, but, in order to avail himself of this right, he must schedule all his personal property, including money on hand and debts due him, and after the property has been duly appraised he may select articles to the value allowed him. By this process he is compelled to bring in all his cash and bills receivable, and until the schedule and valuation are made, there can be no selection. This instruction made no reference to money on hand and debts owing, and would probably have misled the jury. It was an imperfect statement of the right of exemption, and, for this reason, if for no other, it was properly refused.

We do not decide, for it is not before us, whether one who has not more than $400 worth of property, including money and debts due him, may sell the property clear of execution liens. There is no such case here. It is urged also that the judgment should have been in the alternative under Sec. 22, Chap. 119, R. S. In the case of Lamping v. Payne, 83 Ill. 463, the Supreme Court, in construing this provision, held that it applies only to cases where the general property is in the plaintiff, and the defendant shows a special property consisting of a right to hold the property as against the plaintiff only for a certain sum of money, as where the defendant showed special property by a levy of a *fi. fa.* against the plaint-

iff, or where defendant holds the property of the plaintiff, but by virtue of some lien as carrier, warehouseman or otherwise.

If it be conceded that the appellant had the general property in the sense here intended, and that the court might have rendered an alternative judgment, yet, we think, there should have been some suggestion or request by the plaintiff to that effect, and the point should not. be considered here for the first time. It certainly is not such error as should reverse the judgment where the point was not made below. The issue was made there that the property was in the plaintiff, and that it was not subject to the execution. The plaintiff took no other position and was willing to accept nothing short of her entire claim. She should not be permitted to change her ground here, and thereby set aside the judgment, upon a point not presented or considered in the Circuit Court.

In any event, we should do no more than reverse with instructions to correct the judgment in this respect. This would be unnecessary, however, for the appellant can, if she sees fit, pay off the execution, and then, of course, the Sheriff will release the property.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*