## Sidney W. Stevens et al. v. Barney Newman et al.

1. PRACTICE—*Statement of an Offer to Prove.*—A mere statement of an offer to prove is not anything upon which a court is called upon to act. The witnesses should be called and questioned, or documentary evidence produced.

JUDGMENTS—*Collateral Attack Upon.*—A court will not interfere with the collection of a judgment by confession entered at a previous term, nor inquire into its fairness, upon the petition of an attaching creditor of the judgment debtor.

Petition, to impeach a judgment. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

### STATEMENT OF THE CASE.

On July 9, 1896, appellants herein brought an assumpsit suit against Mary M. David, in the Superior Court of Cook County, and on the same day sued out an attachment writ in aid thereof for the sum of $296.55, which writ was delivered to the sheriff of Cook county, and by him levied upon a certain stock of boots and shoes of the defendant, Mary M. David, subject, however, to a levy theretofore made by the sheriff, by virtue of an execution issuing out of the Superior Court upon a judgment by confession against said Mary M. David, and in favor of one Barney Newman, appellee herein.

On the same day appellants herein filed their petition in said Superior Court in their suit against said Mary M. David,

setting forth the beginning of their suit, the suing out of
an attachment writ in aid thereof, and the prior levy by
the sheriff as aforesaid.  It was further represented to the
court in the petition that the defendant, Mary M. David,
had no other property subject to levy other than that
already in the possession of the sheriff; that on the 29th
day of June, 1896, a judgment by confession was entered in
the Superior Court of Cook County against the defendant,
Mary M. David, and in favor of appellee herein, Barney
Newman, for the sum of $3,038.50 and costs of suit.

That this judgment was entered upon three judgment
notes purporting to have been executed by said David; that
immediately upon the entry of said judgment an execution
was sued out of the Superior Court and placed in the hands
of the sheriff, and was by him levied upon all the property
of the defendant; that the value of the property so levied
upon by the sheriff was less than the actual amount of said
judgment.

It was further represented in said petition that the sheriff
had advertised all of the property levied upon, by virtue of
the execution, for sale on July 10, 1896 (the day following
the filing of the petition), at ten o'clock A. M.; that the sher-
iff was about to sell said property, and would sell said prop-
erty, and pay to Barney Newman the proceeds realized from
said sale, unless restrained by the court.   Appellants prayed
for an order upon the sheriff commanding him not to pay
over the proceeds, or any part thereof, under any sale, to
Barney Newman, until the further order of the court, but
to retain in his possession, or to deposit with the clerk of
said Superior Court, so much of the proceeds as would be
sufficient to pay and satisfy appellants' said attachment, and
appellants prayed for further relief.   The petition was veri-
fied by Adolphus Bering.

Upon this petition the court entered an order upon the
sheriff enjoining and restraining him from paying over the
sum of $233.50 out of the proceeds of any sale that might
be made by him by virtue of the execution issued upon the
judgment in favor of Barney Newman, and the sheriff was

ordered and directed to retain said sum until the further order of the court.

Thereafter, on the 18th day of July, 1896, the matter coming on to be heard, petitioners, appellants here, offered in open court to prove the allegations of their petition, and offered to prove that the judgment by confession entered in favor of Barney Newman, and against Mary M. David, was fraudulent and void. The court, however, rejected said offer and dismissed the petition, and vacated the restraining order theretofore entered against the sheriff. It appears from said order that the judgment was entered at a term previous to the suing out of the attachment, and that but $1,271 was realized on the execution. To that order appellants herein excepted, and were allowed an appeal. They now assign for error the action of the court below in rejecting the offer made to prove the judgment fraudulent, and in dismissing said petition and vacating said order restraining the sheriff from paying over said money to said Barney Newman, appellee here.

Osborne, Guerin & Shrimski, attorneys for appellants.

Cowen & Houseman, attorneys for appellee Barney Newman.

Mr. Justice Waterman delivered the opinion of the Court.

Appellant's petition set forth merely the suing out by them of an attachment, without an allegation that the defendant thereto, Mary M. David, was indebted to them.

It was of the essence of appellants' right that they had a valid claim against Mary M. David.

The goods were about to be, and were, sold under a judgment entered at a term that had expired prior to the suing out of appellants' attachment.

In the case of Brewster v. Riley, 19 Ill. App. 581, it appeared that the goods in question were first seized upon an attachment writ. After this a judgment by confession was obtained and a levy thereunder made upon the same goods. The sheriff, and upon application, the court, was thus com-

pelled to determine to whom the proceeds of the goods should be paid, and the conflicting claimants had each the right to attack the *bona fide* of rival claims.

In the present case, the goods were not about to be, or neither were, sold on any claim of appellants. Appellants offered to prove the " allegations of their petition." This was insufficient. The witnesses should be called and questioned, or documentary evidence produced. A mere statement of an offer to prove is not anything upon which a court is called upon to act.

The order of the Superior Court is affirmed.