## Ernest H. Janes v. James H. Gilbert.

1. SPECIAL FINDINGS—*Upon Conflicting Evidence.*—Where a jury, upon conflicting and irreconcilable testimony, answer a special interrogatory, properly submitted, and it is not controverted in the court below, such finding is binding upon the Appellate Court.

2. INSTRUCTIONS—*Improper Refusal Not Always Error.*—The refusal of an instruction, correct in itself, where the real issue was so clearly presented to the jury that it can not be believed that they did not fully understand it, and where such refusal did the party asking it no harm, is not reversible error.

3. REPLEVIN—*Judgments Under Section 22, Chapter 119, R. S.*— The provisions of Section 22, Chapter 119, R. S., entitled "Replevin," providing that if property in question is held for the payment of any money, the judgment may be in the alternative—that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property—should be understood as meaning what the statute says, and not as applying only where the money was due and owing from the plaintiff, and that in any case the amount to be paid should not exceed the value of the interest in the property which could be subjected to the payment for which it was held.

4. JUDGMENTS—*In Replevin—Form of, Under Sec. 22, Chap. 119, R. S.*—The form of an alternative judgment, under Sec. 22, Chap. 119, R. S., entitled " Replevin," held sufficient.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

RICH·& STONE and RANDALL W. BURNS, attorneys for appellant; FLOWER, SMITH & MUSGRAVE, of counsel.

HENRY M. BATES, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. The appellee, as sheriff of Cook county, levied an execution, in which one George L. Janes was a defendant, upon a stock of merchandise which the appellant claimed to solely own, and replevied. The real issue was whether the said George J. L. Janes was a partner in the business, where he was engaged in some capacity, and which business was conducted under the name and style of Janes Bros. & Co.

Upon conflicting and irreconcilable testimony the jury answered a special question : " Q. Do you find, from the evidence, that at the time of the seizure of the property described in the declaration in this case, George J. L. Janes had some interest as a partner in the property seized ? A. Yes." It is not controverted that if that question was rightly answered, the seizure was lawful, and the replevin was wrong.

The verdict binds us.

Though some instructions, correct in themselves, which the appellant asked were refused, yet the real issue was so clearly presented to the jury that it can not be believed that they did not fully understand it, and such refusal did the appellant no harm.

The abstract does not show what replication was put in to the plea of the appellee justifying under the execution, but the course of the argument assumes that the issue under it was such as only to raise the question whether George J. L. Janes was, as partner, an owner in part of the goods seized. The amount for which such levy was rightly made, if he was such partner, was not in dispute. Upon the verdict in favor of the appellee the judgment is as follows :

" Thereupon it is considered by the court, and is so ordered, that the plaintiff do make return within ten days herefrom, of the property seized under authority of the replevin writ heretofore issued in this cause, and in the default of such return that the defendant do have and recover of and from the plaintiff the sum of fourteen hundred and twenty-seven and ninety-four one-hundredths dollars, said sum being the amount of the judgment, with taxed cost, for which said property was rightfully held under and by virtue of a writ of execution at the time it was seized as aforesaid, together with interest thereon, at the rate of six per cent per annum from the 15th day of November, 1892, to the 2d day of March, 1896; and in default of the return by the plaintiff of the property in accordance with this order, it is further ordered that the defendant have execution for said sum of fourteen hundred and twenty-seven and ninety-four hundredths dollars."

The appellant contends that such a judgment is erroneous; that the words of Sec. 22, Ch. 119, Replevin, " if the property was held for the payment of any money, the judgment may be in the alternative, that the plaintiff pay the amount for which the same was rightfully held, with proper damages within a given time, or make return of the property," should be understood as applying only where the money was due and owing from the plaintiff, and that in any case the amount to be paid should not exceed the value of the interest in the property which could be subjected to the payment for which it was held.

The alternative judgment gives to the plaintiff the option which he will do, pay or return, and is therefore not harsh upon him. If he has put it out of his power to return, the verdict and judgment against him establish that he did do so in his own wrong. We are to read the statute as meaning what it says. The comment upon the language of the quoted section, contained in Lamping v. Payne, 83 Ill. 462, was made in reviewing a judgment upon demurrer to a plea, from which plea the court had first, by construction, cut out all of the allegations under which any inquiry as to the construction of the statute would have been pertinent; and therefore what the Supreme Court said in Brown v. Coon, 36 Ill. 243, and Mayer v. Erhardt, 88 Ill. 452, as to the force of *dicta*, is applicable to that comment.

Can any reason be suggested why a mere wrongdoer, without colorable claim of right, replevying property upon which the defendant has but a lien, should be in a better position when defeated than would be the general owner, in good faith disputing the lien?

There is no error, and the judgment is affirmed.