ERNEST H. JANES

*v.*

JAMES H. GILBERT.

*Opinion filed November 8, 1897.*

1. INSTRUCTIONS—*instructions should not be, in substance, repeated.* Instructions which merely repeat, in substance, the same principles of law announced in other instructions which have been given, should be refused.

2. PARTNERSHIP—*parties holding themselves out as partners are liable as such.* Under an issue presenting the question whether parties were liable to a third person as partners, an instruction which makes their liability depend upon the intention, understanding and agreement of the partners themselves, leaving out the element of their having held themselves out as partners, is properly refused.

3. REPLEVIN—*section 22 of the Replevin act construed—alternative judgment.* To entitle a defendant in replevin to an alternative judgment under section 22 of the Replevin act, (Rev. Stat. 1874, p. 853,) which provides that if the property was rightfully held for the payment of money the judgment may be that the plaintiff pay the amount due or return the property to the defendant, it is not essential that the money for which the property was held should be owed by the plaintiff himself.

*Janes* v. *Gilbert*, 68 Ill. App. 611, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was an action of replevin, brought by Ernest H. Janes, the appellant, against James H. Gilbert, sheriff of Cook county. The sheriff pleaded that he had taken the goods by virtue of an execution issued out of the circuit court of Cook county, on a judgment recovered by W. F. McLaughlin against Q. W. Loverin and George J. L. Janes; that the goods were the property of the firm of Janes Bros. & Co.; that before levying the execution he made inquiries of plaintiff, and that the plaintiff represented to him that the firm consisted of himself and George J. L. Janes, and that thereupon he levied upon the interest of

George J. L. Janes in the partnership assets. The evidence on the trial developed a direct conflict as to the question whether appellant had made the statement alleged by appellee, and as to whether or not said George J. L. Janes owned an interest in the property, and the jury were required to find specially whether appellant had stated to the officers that George J. L. Janes had an interest, as a partner, in the business of Janes Bros. & Co., whether George J. L. Janes had an interest in the property, and whether he had some interest in the same as partner,—all of which questions they answered in the affirmative and found defendant not guilty. The court entered judgment on the verdict that the plaintiff make return, within ten days, of the property seized by virtue of the replevin writ, and that in default of such return the defendant have and recover from the plaintiff the sum of $1427.94, being the amount of the judgment and costs for which the property had been levied upon by virtue of the execution, and that he have execution therefor. Appellant appealed to the Appellate Court for the First District, which court affirmed the judgment, and he has further appealed to this court.

RICH & STONE, and RANDALL W. BURNS, (FLOWER, SMITH & MUSGRAVE, of counsel,) for appellant.

HENRY M. BATES, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The errors assigned on this record bring in question the rulings of the trial court in refusing to give to the jury certain instructions asked by appellant and in rendering judgment in the alternative. The first instruction refused was as follows:

"Even though the jury may believe, from the evidence, that the witness George J. L. Janes had an interest in the business in question carried on under the name of Janes Bros. & Co., yet if the jury believe, from the evidence,

that the sole and only interest of said George J. L. Janes in said business was that of an employee, and that the plaintiff, Ernest H. Janes, was the actual and sole owner of the property in question at the time of the commencement of this suit, then the jury should, by their verdict, so find."

This was a proper instruction, and doubtless would have been given had not the substance of it been embodied in other instructions which were given to the jury. There was no necessity for repeating the same principle in different instructions. The substance of the other instructions which were refused was, that the criterion for determining whether the plaintiff and said George J. L. Janes were partners or not was to ascertain their intention and understanding, and that if the latter did not intend or understand that he was a partner with his brother, the plaintiff, and there was no agreement that said George should share in the profits and losses of the business, then the question of partnership had no bearing on the questions before the jury. These instructions were, under the issues, erroneous, and were properly refused. Parties are often held liable as partners to third persons when they could not be held to be partners as between themselves. (*Niehoff* v. *Dudley*, 40 Ill. 406; 17 Am. & Eng. Ency. of Law, 879.) If, as alleged, the plaintiff held himself out as a partner of his said brother, and represented to the defendant that they were partners, and thereupon the defendant levied upon the alleged interest of said George in the partnership stock, that was an element in the case which the court had no right to exclude from the jury, by instructions or otherwise.

The most important question raised relates to the judgment in the alternative,—that is, that upon the failure of the plaintiff in replevin to make return of the goods within ten days, as ordered, the defendant have and recover from him the amount of the judgment and costs for which the property was rightfully held under the execution. Appel-

lant contends that section 22 of the Replevin act does not provide for a judgment in the alternative, except in cases in which the money for which the property is held is owed by the plaintiff in the replevin suit, and cites *Lamping Bros.* v. *Payne,* 83 Ill. 463, in support of this view. The section of the statute providing for a judgment for a return of the property, and for damages for its use in case the plaintiff shall fail in his suit, etc., contains this provision: "Or, if the property was held for the payment of any money, the judgment may be in the alternative, that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property." It might be a hardship in such a case to enter an absolute judgment for the return of the property where the only interest the defendant had in it was in the nature of a lien for the payment of a debt. It is therefore seen that the effect of the statute is to relieve the plaintiff of this hardship in giving him the privilege of retaining the property by paying the money for which it was held. Under the statute he has this option, and if he does not himself owe the money for which the property is held, or for any reason does not choose to pay it, he may comply with the judgment by returning the property. The statute does not say that the money must be money owed by the plaintiff, but only that it must be money for the payment of which the property was rightfully held.

What was said in *Lamping Bros.* v. *Payne, supra,* must be read in the light of the facts in that case. There, by the pleadings, it stood confessed of record that the property was the property of a third person and not the property of the plaintiff, and, the court having ordered a return of the property, it was insisted that the judgment should have been in the alternative, but it was held that as the plaintiff had no interest in the property he was not entitled to its possession under any circumstances, hence the only judgment the court could have rendered was one in

bar of the action and for a return of the property. But the case at bar is different. Here the plaintiff had an interest in the property, and he claimed to be the sole owner, and if the finding had been that the property was not rightfully held for the payment of the amount of the execution under which the defendant took and held it, the plaintiff would have been entitled to its possession; but as the finding was that it was so rightfully held, the provision of the statute was applicable, and it was his duty to return the property or pay the amount for which it was held.

It is said, in objection to this view, that there was no evidence as to the value of George J. L. Janes' interest in the property, and that there was, therefore, nothing upon which to base the alternative judgment. It may be observed that the alternative judgment, or the amount of it, is not by the statute based upon the value of the property or of the value of the interest in it held by the defendant for the payment of the money, but upon the amount of money for which the property is rightfully held, and if the plaintiff conceives that the amount is too large he may fully comply with the judgment by returning the property. There was no evidence in this case as to the value of the interest of said George J. L. Janes in the property levied upon, and it is not necessary to determine here whether or not the plaintiff might have reduced the amount of such alternative judgment to the value of his brother's interest in the property. He denied that his brother had any interest in it whatever as owner, and the issue was found against him.

We are of the opinion that the record is free from error, and the judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*