Nicholas Martin *et al.*

*v.*

Henry L. Hertz, for use, etc.

*Opinion filed December 22, 1906.*

1. Evidence—*a general offer to prove insolvency is an offer to prove a conclusion.* A general offer to prove by a witness that a certain firm was insolvent at the time of the levy of an execution on property subsequently replevied by one of the partners whose bond was signed by the defendants as sureties is an offer to prove a mere conclusion, and it is proper to sustain an objection thereto.

2. Same—*what facts do not show insolvency.* Evidence that a partnership made an assignment for creditors about six months after a replevin action was begun and that the assets paid about thirty cents on the dollar is not admissible to show insolvency of the partnership at the time the replevin suit was begun.

3. Same—*when value stated in replevin affidavit writ and bond is conclusive.* The value stated in a replevin affidavit, writ and bond is *prima facie* evidence of value as against the sureties in an action on the replevin bond, and is conclusive evidence of value if there is no evidence in the record to contradict it.

4. Replevin—*plaintiff may elect to return property or pay alternative judgment.* In replevin, if the plaintiff deems the amount of the alternative judgment against him is greater than the value of the property, he may protect himself and the sureties on his bond by returning the property.

5. Same—*amount of alternative judgment is the measure of the damages in suit on bond.* In an action upon a replevin bond, where the plaintiff has not returned the goods or paid the alternative judgment, the amount of such alternative judgment is the measure of damages.

6. Propositions of law—*refusal of propositions not relevant to the case is proper.* Refusal to hold propositions of law which may be correct in themselves is not error, where they have no relevancy or application to the particular case on trial.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. Kavanagh, Judge, presiding.

MUSGRAVE, VROMAN & LEE, for appellants:

In no event is the plaintiff entitled to recover in an action on the replevin bond a greater sum than the value of the interest which was seized on the execution, with costs and interest. The value of that interest measures the amount of his recoverable damages up to the amount of the execution, which is the measure of his maximum recovery. *David* v. *Bradley,* 79 Ill. 318; *Atkins* v. *Moore,* 82 id. 240; *King* v. *Ramsey,* 13 id. 619; *Turner* v. *Armstrong,* 9 Ill. App. 24.

The burden of proving the damages sustained by the plaintiff by reason of a failure to return the property in replevin is with the plaintiff. It is for him to show the extent of his loss and to institute such proceedings as may be necessary. Cobbey on Replevin, sec. 1343; *Landers* v. *George,* 49 Ind. 309; *Hacker* v. *Johnson,* 66 Me. 21.

The court erred in refusing to receive or consider evidence offered by the defendants as to the value of the interest of the principal in the replevin bond, as a partner, in the replevied property, in mitigation of damages. *Safford* v. *Gallup,* 53 Vt. 291; *Magerstadt* v. *Harder,* 95 Ill. App. 303; *Broadwell* v. *Paradice,* 81 Ill. 474; *King* v. *Ramsey,* 13 id. 619; *Ringgenberg* v. *Hartman,* 102 Ind. 537.

The bond stands in the place of the property. *Stevens* v. *Tuite,* 104 Mass. 334; *Leonard* v. *Whitney,* 109 id. 267; *Tremain* v. *Morris,* 9 Ill. App. 237.

The value of the replevied property is not an issue in the replevin action, and becomes material only in an action on the bond in case the property is not returned. In an action upon the bond it becomes a material question in measuring the plaintiff's damages. *Tremain* v. *Morris,* 9 Ill. App. 237; *Stevenson* v. *Earnest,* 80 Ill. 613.

HARLAN & HARLAN, for appellee:

The plaintiff in this action is legally and justly entitled to recover from the defendants, as sureties on the replevin

bond, the full amount of the alternative judgment rendered against the plaintiff in the replevin action, with interest, costs and reasonable attorney's fees in that action. *Sweeney* v. *Lomme,* 22 Wall. 208; *Siegel* v. *Hanchett,* 33 Ill. App. 634; *Gilbert* v. *Sprague,* 196 Ill. 444.

The alternative judgment against the plaintiff in the replevin suit is a statutory judgment, and has full and conclusive force as a final judgment according to the plain meaning of its language. The plaintiff in replevin was ordered to return the property within ten days, or in default of such return to "pay the amount for which the same was rightfully held," and his failure to do either was a breach of the replevin bond. Rev. Stat. chap. 119, sec. 22; *Janes* v. *Gilbert,* 68 Ill. App. 611; 168 Ill. 627.

The sureties on the replevin bond contracted with reference to the action of their principal in prosecuting the replevin suit, and in view of the statute, which declares what the liability of that principal shall be in case of an unsuccessful event of his suit, they are concluded, equally with their principal, by the judgments and orders made in that suit. Cobbey on Replevin, sec. 1319; Shinn on Replevin, sec. 789; *Schott* v. *Youree,* 142 Ill. 233; *Wells* v. *Griffin,* 2 Head. 568; *Denney* v. *Reynolds,* 24 Ind. 248; *Cushenden* v. *Harman,* 2 Tyler, 43.

Mr. JUSTICE VICKERS delivered the opinion of the court:

W. F. McLaughlin & Co. recovered a judgment against Q. W. Loverin and George J. L. Janes for $1168.71 and costs of suit, which judgment was affirmed by the Appellate and Supreme Courts. (46 Ill. App. 373; 161 Ill. 417.) An execution was issued on this judgment and delivered to the sheriff, who levied the same on the interest of George J. L. Janes in certain goods, and Ernest H. Janes thereupon replevied the goods as belonging to him individually, and gave bond in the penal sum of $40,000, being double the

value of the property as sworn to by him in the replevin affidavit. The appellants were the sureties on the replevin bond. The replevin writ was served by the coroner, who took possession of the goods in question and delivered the same to Ernest H. Janes. On the trial of the replevin suit the issue was whether or not the goods belonged to Ernest H. Janes as an individual, as he contended, or to the firm of Janes Bros. & Co., composed of George J. L. Janes and Ernest H. Janes. This issue was decided against Ernest H. Janes by the jury. In addition to the general verdict there were special findings to the effect that the property belonged to the partnership. The court rendered an alternative judgment upon this verdict that the plaintiff return the property within ten days, and that in default of such return the defendant have and recover from the plaintiff the sum of $1427.94, being the amount of the judgment, with interest and costs, for which the property had been levied upon by virtue of the execution, and that the defendant have execution therefor. This judgment was affirmed by the Appellate and Supreme Courts. (68 Ill. App. 611; 168 Ill. 627.) The principal obligor in the replevin bond, Ernest H. Janes, having died, the present action was brought in the superior court of Cook county against the sureties on the replevin bond, by Henry L. Hertz, coroner, for the use of W. F. McLaughlin & Co., the breach assigned in the declaration being the failure of Ernest H. Janes to return the property, or to pay the money part of the alternative judgment, with interest and costs. A jury was waived and the cause was tried by the court. Upon the trial the court refused to admit certain evidence offered by the appellants and refused to hold certain propositions of law requested by the appellants. The finding and judgment were for the appellee for the money part of the alternative judgment, with interest and costs. The judgment of the trial court has been affirmed by the Appellate Court for the First District, and the case is now before us on appeal from that judgment of affirmance.

The abstract shows that counsel for the appellants asked George J. L. Janes, when on the witness stand, what was the financial condition of the firm of Janes Bros. & Co.; but the abstract shows no exception to the ruling of the court sustaining an objection to this question, for which reason that ruling is not before us for consideration.

Thereupon counsel for appellants made this offer: "Now, in order to get the case clearly before the court, we offer to show by the witness that the firm of Janes Bros. & Co. was insolvent at the time of the levying of the execution, and remained so, and about six months after the replevin action was commenced they made an assignment for the benefit of creditors, and that the assets of the firm paid about thirty cents on the dollar."

The offer to prove that the firm was insolvent was but an offer to prove a conclusion, and so the objection of the appellee on the ground of incompetency, irrelevancy and immateriality was properly sustained.

Insolvency has been defined as a general inability to answer, in the course of business, the liabilities existing and capable of being enforced. (*Best* v. *Fuller & Fuller Co.* 185 Ill. 43, adopting the opinion of the Appellate Court in the same case reported in 85 Ill. App. 500.) Another definition is that insolvency, as applied to a person, firm or corporation engaged in trade, is inability to pay debts as they fall due in the usual course of business. (*Atwater* v. *American Exchange Nat. Bank,* 152 Ill. 605.) It is not unusual for merchants to buy goods on time, expecting to meet the obligations thereby incurred, as they mature, out of the sale of the goods purchased. Such merchants may be perfectly solvent, because of their ability to pay these obligations as they fall due in the usual course of business, although a forced sale of goods at any particular time might not produce an amount of cash equal to the aggregate of present and future liabilities. The question of the solvency of the firm may depend upon many facts and circumstances, such

as the amount of liabilities and the time of their maturity, and the amount of the assets, and the value thereof. Hence, the offer to prove insolvency is an offer to prove a mere conclusion, and should not be allowed against objection. The offer should be to prove facts tending to show insolvency, that the court may see whether or not the facts offered in proof have any relevancy to the question. It has been so held as to a general statement concerning the delivery of a deed; (*Burnap* v. *Sharpsteen,* 149 Ill. 225;) also as to a statement that certain persons were married by a rabbi on a certain occasion; (*Sokel* v. *People,* 212 Ill. 238;) also as to testimony that there was a full assignment of a note and mortgage. *Barrett* v. *Hinckley,* 124 Ill. 32.

In *Lucas* v. *Beebe,* 88 Ill. 427, a witness was asked the question as to what was the consideration of the bond on which the suit had been brought, and it was held that the question did not call for facts, but simply for the conclusion of the witness as to a legal proposition; that the question should have called for the specific facts and circumstances entering into and constituting the transaction, and that an objection to the question was properly sustained by the trial court. Thereupon the appellants in that case offered to prove by the same witness that there was no consideration for the bond; that the consideration had entirely failed, and that it had partially failed, and it was held that the offer was too general, not specifying what the witness would state or the specific facts which could be proved by the witness; that it was an offer to prove a mere conclusion of law, and was for that reason properly denied by the trial court.

In *Stevens* v. *Newman,* 68 Ill. App. 549, cited with approval on this point by this court in *Chicago City Railway Co.* v. *Carroll,* 206 Ill. 318, it was held that a mere statement of an offer to prove the allegations of a petition is not anything upon which a court is required to act, but that the witnesses should be called and questioned or documentary evidence produced.

In *Chicago City Railway Co.* v. *Carroll, supra,* the counsel for appellant stated that he desired to offer evidence on the question of the inspection of the cars, and so forth, and the court stated that no evidence would be received except as to the ownership of the line, at that stage of the case, and exception was duly taken by the appellant. It was held that this did not amount to an offer of evidence, and that the statement of the court was not a ruling upon which error could be predicated. It is true that in that case no witness was put upon the stand, but it is also true that the suggestions of this court as to what offer would have been sufficient relate to an offer to prove facts, and not conclusions, such as, that the appellant did inspect the cars, or that this had been done regularly or recently, or that the inspection made was an examination of the trolley-pole or its attachments.

If the question as to the delivery of a deed, or the consideration of a bond, or of the failure or partial failure of consideration, is a conclusion and an offer to prove the same insufficient, so is the question of insolvency a conclusion, and the offer to prove the same insufficient as against an objection on the ground of incompetency, irrelevancy and immateriality. There was no error, therefore, in sustaining the objection to the naked offer to prove that the firm of Janes Bros. & Co. was insolvent.

The second part of the offer was to prove certain facts,— that is, that about six months after the replevin action had been commenced Janes Bros. & Co. made an assignment for the benefit of creditors and that the assets of the firm paid about thirty cents on the dollar. This offer to prove certain facts, made in connection with the general offer to show insolvency, and as a part of the same sentence, might properly be regarded as simply making the general offer specific, in which view of the matter the offer of proof of specific facts should be taken as the whole of the offer.

The affidavit for replevin is in evidence and states the value of the goods at $20,000. When appellants signed the replevin bond in the penal sum of $40,000, it is to be presumed that they knew this penalty was double the value of the property which they, by giving the bond, were assisting Ernest H. Janes in taking from the sheriff. In an action on a replevin bond to recover the value of the property for a breach of the condition for a return thereof, the authorities are harmonious to the effect that the value of the property stated in the replevin writ and bond is at least *prima facie* evidence of value as against the sureties on the bond. (24 Am. & Eng. Ency. of Law,—2d ed.—539.) It has also been held that the value stated in the replevin affidavit is at least *prima facie* evidence of value in a suit upon the replevin bond. (*Farson* v. *Gilbert,* 85 Ill. App. 364.) There being no evidence in the record to the contrary, this *prima facie* evidence of value becomes conclusive. Evidence offered by appellants shows that most of this property was destroyed by fire about two months after the replevin action was commenced. The offer to prove specific facts was that the firm made an assignment about six months after the replevin action was commenced, or four months after the property herein involved was destroyed by fire, and that the assets of the firm paid about thirty cents on the dollar. Whether or not the firm was insolvent at a date six months after the replevin suit was commenced was wholly immaterial, and the offer to prove facts which would show insolvency at that time was properly rejected.

The failure to return the property was a breach of the bond, and appellants cannot complain that the judgment was for the amount for which the property was rightfully held, inasmuch as that amount was very much less than the value of the property. Under these circumstances the rulings of the court on the propositions of law requested do not constitute reversible error. It is not error to refuse to hold propositions of law which may be correct in and of them-

selves, if they have no application or relevancy to the particular case on trial. *Seiberling* v. *Miller*, 207 Ill. 443.

The statute provides that "if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property. (Hurd's Stat. 1905, chap. 119, sec. 22.) In the trial of the replevin case herein involved the judgment was in the alternative, requiring the return of the property or the payment of the amount of the judgment, interest, etc., for the payment of which the property involved had been taken by the sheriff on execution. The plaintiff in the replevin proceedings did not return the property within the time fixed by the judgment, nor did he pay the alternative judgment rendered against him. If the plaintiff in replevin was of the opinion the amount of the alternative judgment was greater than the value of the goods by him held, it was within his power to secure indemnity for himself and his securities against the payment of such judgment by complying with the portion of the order of the court directing the return of the goods. He did not elect so to do, but retained the goods, and died before suit was brought on his replevin bond.

The bond conformed to the requirements of the statute, and required the sureties on the bond to answer "for the payment of all costs and damages occasioned by wrongfully suing out said writ of replevin." The bond was given in view of the provisions of the statute authorizing the alternative judgment, and such statutory provisions entered into and become a part of the bond. The measure of damages of the appellee coroner was the amount of the alternative judgment entered in the replevin suit.

The value of the interest of any of the partners had no proper place in the hearing in the case at bar. The amount of the alternative judgment was fixed and determined by the affirmance of that judgment in this court, (*Janes* v. *Gilbert*,

168 Ill. 627,) and it was there said: "It may be observed that the alternative judgment, or the amount of it, is not by the statute based upon the value of the property or of the value of the interest in it held by the defendant for the payment of the money, but upon the amount of money for which the property is rightfully held, and if the plaintiff conceives that the amount is too large, he may fully comply with the judgment by returning the property."

The further condition of the bond was, that the plaintiff in replevin, and his sureties, would "make return of the property if return of the property shall be awarded, and save and keep harmless such coroner in replevying said property." We are of the opinion no great hardship is laid on sureties on replevin bonds who place themselves behind a groundless action whereby property in the lawful custody of a sheriff for the payment of an execution is taken from him and placed in the exclusive control and possession of a pretended claimant, by requiring such sureties to pay the amount of money for which such property was rightfully held, as liquidated damages for the default of the principal in failing to make return.

The rulings of the court on the propositions of law were in harmony with these views. The judgment of the Appellate Court is correct and is therefore affirmed.

*Judgment affirmed.*