## Myron D. Smith for use of T. F. Laramie, Plaintiff in Error, v. Nyberg Automobile Works, Defendant in Error.

### Gen. No. 16,722.

1. REPLEVIN—*essentials to judgment in the alternative.* To sustain an alternative judgment under the Replevin Act, § 22, which provides that if the property was held for payment of money the judgment may require the plaintiff to pay the amount for which it was rightfully held or return the property, it must appear that the property was being rightfully held for the payment of money.

2. REPLEVIN—*when judgment in the alternative is improper.* Where a person acquires an automobile from a purchaser at an execution sale, takes it apart, claims it as an owner, refuses to return it to the chattel mortgagee and on selling it to the mortgagee's assignee makes repairs and does work to again assemble the car to make the sale, on the machine being replevied by the assignee, it was not rightfully held for the payment of the repairs and work, and it is error to enter an alternative judgment as provided by the Replevin Act, § 22, that the plaintiff pay a sum of money for the repairs and work done or return the machine.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed January 27, 1913.

D. A. LEVY, for plaintiff in error.

WILLIAM A. JENNINGS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

A. E. Smith of Chicago gave a mortgage, duly acknowledged and recorded, to his brother, Myron D. Smith, on a "Pope Toledo Automobile, Factory No. 1642 and State No. 18730." Subsequently a judgment was rendered in the Municipal Court of Chicago against the said A. E. Smith and under an execution thereon the said automobile was sold and purchased from one Tagney by the defendant in error, hereinafter called defendant, subject of course to the said

chattel mortgage of record in the recorder's office of Cook County. Subsequently Myron D. Smith assigned said chattel mortgage to T. F. Laramie, who thereupon made a demand upon the defendant under the said chattel mortgage for the said automobile. The defendant claiming that he did not know whether or not he had in his possession the said automobile, did not deliver same upon the said demand, although he in fact had said machine in his possession at the time. An action of replevin was then begun by the said Myron D. Smith for the use of the said Laramie, and the said automobile was taken from the defendant under the writ issued therein. On a hearing before the court without a jury the court entered a judgment as follows:

"This day come the parties, by their attorneys respectively, and the trial of this cause is now here resumed, and the court after hearing the evidence and argument of counsel, and being fully advised in the premises, finds the defendant guilty, and that the right of property herein is in the plaintiff, conditioned upon the payment to the defendant, by the plaintiff, the sum of three hundred and eighty-seven ($387) dollars, within twenty-five days from this date. Thereupon it is ordered by the court that the amount of the bond herein be fixed at the sum of five hundred ($500) dollars."

The said $387 not being paid on June 6th, 1910, the court entered another judgment as follows:

"This day again come the parties, and it appearing to the court that the plaintiff herein has failed to make payment of the sum of three hundred and eighty-seven dollars ($387) in accordance with the finding of court of May 11, 1910.

"It is therefore considered by the court that the defendant have and recover of and from the plaintiff the possession of said property mentioned in the writ of replevin in this cause, and that a writ of *retorno habendo* issue herein for the return thereof.

"It is further considered by the court that the defendant have and recover of and from the plaintiff costs by the defendant herein expended, and that execution issue therefor."

To reverse this judgment said Myron D. Smith, for the use of said T. F. Laramie, hereinafter called plaintiff, sued out this writ of error.

That the plaintiff was entitled to the possession of the said automobile, the court found in its judgment entered May 11. The correctness of the judgment of June 6th that the defendant recover the possession of said automobile, depends of course upon the correctness of the judgment in the alternative entered May 11th.

Section 22 of the Replevin Act provides: "If the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property." Lamping Bros. v. Payne, 83 Ill. 463, and Janes v. Gilbert, 168 Ill. 627, discuss this provision, and we are of the opinion that to sustain an alternative judgment thereunder it must appear that the property was being rightfully held for the payment of money. In the case at bar there was no evidence that the defendant was holding the said automobile for the payment of money. On the contrary he was holding the machine claiming the same as owner and attempting to sell the same. Mr. Levy, the law partner of Mr. Laramie, finding the said automobile, more or less taken apart, at the defendant's place of business, had some talk about purchasing the same, and, it is claimed by the defendant, did purchase it and gave T. F. Laramie's check for $100 (upon which payment was stopped) as part of the purchase price thereof; and it was for the repairs, etc., with the work done thereon to again assemble the car and put it in shape to make the sale to Levy that the trial court entered the alternative judgment for the sum of $387. On the merits of the controversy on this phase of the case as to the liability of Levy and Laramie, or either of them, for said work and repairs, we express no opin-

ion. The action was replevin and we hold that there is no evidence on which an alternative judgment against Laramie could be based as provided by the statute. The alternative judgment being erroneous, the judgment of the trial court is reversed; and it clearly appearing that the plaintiff had the right of possession of the said automobile and the defendant wrongly detained same, judgment is here entered that the plaintiff have the possession of the said automobile above described.

*Reversed.*