## Carl A. Johnson, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,723.

1. EVIDENCE—*when exclusion of testimony concerning a record not reversible error.* Where plaintiff in an action for personal injuries is a militiaman, it is not reversible error to exclude testimony of the first sergeant of his company as to a report concerning him made by the hospital surgeon, where it is not stated what is expected to be proved by it and it does not appear that defendant was injured by its exclusion.

2. DAMAGES—*what not excessive.* A verdict for $700.00 is warranted where plaintiff was earning $3.00 per day and it seems that he was in bed eight days, that his left side was bruised, his ankle strained, one rib broken, and that he could earn only half pay for four months.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

GEORGE W. BURTON and GEORGE W. BLACK, for appellant.

WEIL & BARTLEY and CHARLES H. FRANCIS, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellee was injured in August, 1910, while a passenger on appellant's car, in or near Peoria, Illinois. He brought this action to recover for such injury and in June, 1912, had verdict and judgment for $700. We are asked to reverse the case on the grounds that the verdict is excessive and that the court erred in excluding testimony offered by appellant that would have been material, if at all, only on the question of the amount of damages. No other error is suggested.

At the time of his injury appellee was twenty-four years old; a resident of Woodstock, Illinois; employed as a mechanic in the Oliver Typewriter Company's factory there located; earning at piece work about $3 a day. He belonged to the state militia and was attending the state encampment at Peoria. He was hurt by being thrown or falling from one of appellant's cars in a collision of two cars. He was taken to a hospital but soon removed from there to the Company's quarters where he stayed about eight days. He testifies he was lying in bed during that time under the care of Mr. Brown, the Company cook, and attended by Dr. Burns, of Rockford, Illinois, unable to walk. His left side was bruised, ankle sprained and one rib broken; was able to earn only about half pay for about four months, and at the end of that time quit his employment because he could not stand the work and went to Dakota where he had been farming up to the time of the trial; that he still suffered pain; was unable to lie on his left side, etc., and had incurred $50 expense for physician and medicine. He was corroborated in his statement, so far as it related to the eight days in Peoria, by Mr. Brown, Company cook, who took care of him, and by two comrades, Roser and Francis.

Appellant called Howard Howarth, first sergeant of the Company, who testified that appellee's injuries were slight, some bruises and black and blue spots,

but he was walking around the next morning and every day during the encampment; was out drilling at different times and was at the mess tent three times a day. He further testified that there was a record or memorandum of any injuries to any boys in the Company kept at the time; that the memorandum was made at the hospital and after it was made he, as first sergeant, had charge of it; that it was made by the hospital surgeon and that he saw entries therein with respect to appellee; that in November, 1910, this record was in his care as first sergeant in his desk in the armory at Woodstock when the armory caught fire and the record was burned and destroyed; that he read the record with respect to the injuries sustained by appellee. He was then asked (Q) ''Tell what the record said with respect to the injury, as near as you can recollect.'' Objection by plaintiff as incompetent, no proper foundation laid, and record made by someone else. The court sustained this objection. The witness then stated that the record was signed by Major Borand and the court sustained an objection to the further question whether it was signed by anybody else. No other or different evidence was offered or heard on the question of the extent of the injury. It may be that the contents of this record was competent evidence in this case under the authority of People v. Joyce, 154 Ill. App. 13, and authorities there cited, but the action of the trial court in excluding the evidence offered was not reversible error. It is not shown that the evidence would have been beneficial to appellant. If the record had been proven it might have sustained appellee's contention as to the extent of his injuries. It does not appear that appellant was injured by the refusal of the evidence. The court should have been informed in some appropriate way of what was expected to be proved by the record. Lucas v. Beebe, 88 Ill. 427; Chicago City Ry. Co. v. Carroll, 206 Ill. 318; Martin v. Hertz, 224 Ill. 84; Court of Honor v. Dinger, 123 Ill. App. 406; Stevens v. Newman, 68 Ill. App. 549.

The testimony offered by appellee as to the extent of his injury, if believed by the jury, certainly warranted as large a verdict as he received. They would hardly have been justified in discrediting that testimony because of the contradiction of four witnesses by the one witness introduced by appellant. It is argued that plaintiff's case is discredited by the fact that he did not call the physicians that attended him. The record shows that these physicians lived at a considerable distance from the place of trial. The necessary expense of procuring their attendance at the trial may account for their absence.

We find no reversible error and the judgment of the trial court must be affirmed.

*Affirmed.*