### Jesse Whitley, Appellee, v. Wright Carriage Body Company, Appellant.

### Gen. No. 5,895.

1. MASTER AND SERVANT, § 540*—*sufficiency of declaration.* In an action by an employe for personal injuries, counts in the declaration *held* not defective in not sufficiently alleging that the defect was not open and obvious and that the plaintiff did not have equal means with the master of knowing of the defect.

2. MASTER AND SERVANT, § 611*—*when admission of testimony as to guarding of machinery not prejudicial.* In an action to recover for personal injuries sustained by an employe of defendant while operating a "sanding machine" alleged to have been caused by an unguarded disc, permitting plaintiff to testify that the unguarded space could have been protected by placing boards over it, *held* not prejudicial error for the reason such testimony was equivalent to an expression of opinion that the machine was unsafe and that it could be made safe.

3. MASTER AND SERVANT, § 784*—*sufficiency of instructions.* In an action by a servant for personal injuries while operating an unguarded machine, instructions given for plaintiff *held* not open to the criticism that they take from the jury the questions whether the omission to maintain guards was negligence or that they leave out of consideration the element of open and obvious danger and do not impose on plaintiff the duty of exercising due care, or that they are vicious on the question of assumed risk.

4. APPEAL AND ERROR, § 1466*—*when prejudicial error in admission of evidence must be pointed out.* Admission in evidence of an inaccurate model of a machine cannot be *held* prejudicial error where it is not pointed out in what respect it was prejudicial.

5. APPEAL AND ERROR, § 1491*—*when exclusion of evidence not prejudicial error.* In an action for personal injuries sustained by

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

an employe while operating a machine, sustaining an objection to questions asked by defendant as to the customary and usual ways of doing work in its factory, *held* not prejudicial error where the record does not show what was expected to be proved by the witnesses and whether their answers would have been beneficial to defendant.

6. APPEAL AND ERROR, § 1507*—*when exclusion of questions on cross-examination not prejudicial.* In a suit for personal injuries, sustaining an objection to questions asked of plaintiff on cross-examination whether he had received injuries subsequent to the one in question, *held* not prejudicial error where the court of review is not advised what answer was expected and there was no offered proof by the witness or any other witness that he had received such injuries.

7. DAMAGES, § 122*—*when recovery for injury to leg not excessive.* A verdict of six thousand, five hundred dollars for injury to leg *held* not excessive where the ligaments were torn from the ankle and plaintiff was confined to his home for four or five months, the injury being permanent so that he will never fully regain the use of his leg and will always be hindered in his business by the infirmity.

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

J. B. & J. L. OAKLEAF and SEARLE & MARSHALL, for appellant.

J. T. & S. R. KENWORTHY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellee, Jesse Whitley, a wood worker thirty-three years old, was injured while employed by appellant, Wright Carriage Body Company, in its factory at Moline, April 8, 1910. He had been employed there about two months and had operated a bandsaw and worked with a boring machine prior to this injury, and on a few occasions had operated for a short time the "sanding machine" on which he was injured. It was a combination machine and had both a revolving cylinder and

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

a disc covered with sandpaper, against which wood was held to be finished. The disc was forty-two and three-fourths inches in diameter, and the cylinder was twenty-four inches long and seventeen and one-half inches in diameter. They both revolved on the same horizontal shaft turned by means of a belt running from a line shaft below the floor. The disc was inclosed by boxing, except at the lower portion near the floor for a space of six or eight inches. The face of the disc opposite the cylinder was covered with sandpaper fastened by an iron ring bolted to the disc with twenty-six bolts. About half of the bolts were fastened with wing nuts about an inch high, of the ordinary type made to be turned by the thumb and finger, and the other half with ordinary nuts screwed on. The boxing of the disc protected and concealed these wing nuts except in this exposed space of six or eight inches; they would not be noticed there when the disc was in motion and one of them might or not be visible when it was at rest, depending on where it stopped.

Appellee while working on the cylinder smoothing pieces of wood caught the bottom of his overalls on one of these wing nuts and was drawn into the machinery, where his leg was badly mangled. He says he did not know of these wing nuts, and it might be reasonably found from the evidence that he would not in the exercise of ordinary care know of them.

This suit was brought in September, 1911, to recover for that injury. The declaration, counting entirely on common-law negligence, was of three counts, the first charging negligence in permitting the machine to be operated without any guard or barrier about said thumb screws; the second, failure to warn the plaintiff of danger; the third, negligence in keeping the machine in a dark place where the thumb screws could not be seen by the operator. It is agreed by counsel that there is no evidence sustaining either the second or third count. There is no suggestion that either count states a cause of action under the Act of June 4, 1909, to

"Provide for Health, Safety and Comfort of Employees."

A jury trial resulted in a verdict and judgment for six thousand, five hundred dollars, from which the defendant appeals, and assigns error in admitting and refusing evidence, giving and refusing instructions, and that the verdict and judgment are excessive and contrary to the law and the evidence.

Plaintiff was permitted to testify over defendant's objection that guards could have been placed along the lower edge of the disc to cover up these thumb screws by nailing a couple of boards about three feet long across from one hood to the other, and that it would not interfere with the operation of the machine. This is urged as prejudicial error, and said to be opinion evidence equivalent to expressing the opinion of the witness that the machine was unsafe as it was and how it could be made safe, and several cases cited holding that such opinions are not competent. We do not think the gist of the testimony was that in the opinion of the witness the machine was unsafe in the one condition and could be made safe in the other. It is true that it is almost self-evident that such is the fact, but the substance of the testimony was that this space could be protected by placing boards over it; and appellant developed in its testimony, in offering photographs in evidence, that there were boards so placed immediately after appellee was injured. It seems so obvious that the disc could be so covered, that this testimony, even if it might be considered incompetent, should not be deemed prejudicial error. It is objected that the court admitted in evidence a model of the machine, offered by appellee, that was not accurate and was not claimed to be accurate, and that this must have prejudiced appellant's case. But it is not pointed out in what respect it prejudiced the case. It may have been error to admit this model in evidence, but without any knowledge of the model or how it might have misled the jury we cannot hold it prejudicial error.

There were photographs of the machine introduced by appellant, and we presume the jury from all the evidence were fairly informed of the shape, size and character of the machine.

The court sustained objections to questions asked by appellant as to the customary and usual ways of doing work in its factory, as to standing or sitting at the work and as to shutting off the machine when through working it, and the propriety of the court's action in so doing is discussed by the respective counsel with citations of authority. But the record does not advise us what was expected to be proved by these witnesses; their answers if they had been permitted to answer, might or might not have been beneficial to appellant. We cannot hold refusal of proffered evidence prejudicial error without knowing what the evidence was. *Johnson v. Peoria Ry. Co.* 179 Ill. App. 304, and authorities there cited.

The court sustained objections to questions asked appellee on cross-examination, whether he had received injuries subsequent to the one in question, as not proper cross-examination. This may have been error, but we are not advised what answer appellant expected. There was no offered proof by this or any other witness that he had received such injuries, therefore within the principles above announced we cannot say there was prejudicial error. Complaint is made of plaintiff's given instructions. In the first, the jury were told if plaintiff had made a case as laid in any count of his declaration he was entitled to recover; and it is said each count of the declaration was defective in not sufficiently alleging that the defect was not open and obvious, and that the plaintiff did not have equal means with the master of knowing of the defect. We do not think the counts are open to this objection. It was averred in the first count that the plaintiff did not know of the defect, and in the exercise of reasonable care could not have known it; in the second, that the operator of the machine could not see the thumbscrews

and that plaintiff did not know of the danger and could not know of it in the exercise of ordinary care; and the third count contains substantially the same averment. There are also averments that the defendant knew of the danger, and we assume the owner of machinery like this is presumed to know of such a feature of the machine as is here complained of. Plaintiff's fourth and fifth instructions were as follows: "The Court instructs the jury that, if you believe from the evidence, that the plaintiff, Whitley, was employed by the defendant, and, as a part of his work he was to work with or upon said sanding machine, then it was the duty of said defendant to exercise reasonable care to maintain said machine and the surroundings thereof in reasonable safe condition, and in the maintaining suitable guards around any dangerous portion of said machine, and if the jury believe from the evidence, that the defendant did not exercise reasonable care in maintaining said sanding machine, but negligently and carelessly omitted to erect and maintain a guard or guards around the thumb screws on said machine, if the evidence so shows, and that the plaintiff did not know that the said machine was not reasonably safe, if the evidence shows it was not reasonably safe, and did not have equal means with the master of ascertaining that it was not reasonably safe, and would not have ascertained it unsafe, by the exercise of reasonable care, and that in consequence of said condition of said machine the plaintiff was injured while he was in the exercise of reasonable care on his part for his own safety, then you shall find the defendant guilty."

"The Court instructs the jury that if you believe from the evidence that the defendant carelessly and negligently failed to guard the thumb screws or wing nuts on the sanding machine in question in manner and form as charged in the declaration or any count thereof, and if you further believe from the evidence that the plaintiff did not know of such unguarded condition of said machine, if it was unguarded, and had no knowl-

edge of the danger of the projecting thumb screws thereon, if any, and did not have equal means with the defendant of ascertaining that the said thumb screws were dangerous and unguarded, if it was so, and would not have ascertained of such dangerous and unguarded condition by the exercise of such care as a reasonably prudent and careful person would exercise under the same or similar circumstances, then the plaintiff did not in law assume the risk of such projecting and unguarded thumb screws, if any there was.''

It is argued that these instructions take from the jury the questions whether the omission to maintain guards was negligence and impose an absolute duty on the defendant to do so; that the pivotal question is whether the defendant, under its duty to exercise reasonable care to provide reasonably safe machinery, was bound to provide guards. These instructions do not seem to us open to that criticism. The jury were told that the duty of defendant was to exercise reasonable care, etc., and that if it did not, but negligently and carelessly omitted, etc., this was not telling the jury that it was the duty of defendant to cover that part of the disc, which it clearly was under the statute, and may well have been so held without regard to the statute. It is said both of these instructions leave entirely out of consideration the element of open and obvious danger and do not impose on the plaintiff the duty of exercising due care in and about his work. We do not so read the instructions. It is argued that they are vicious on the question of assumed risk. If the duty neglected was one imposed by the statute there was no question of assumed risk. *Streeter v. Western Wheeled Scraper Co.*, 254 Ill. 244; but independent of the statute we do not regard the instructions bad in that regard. He did not assume the risk if in the exercise of ordinary care he did not know and would not have known of the danger, and the jury were instructed that his right to recover depended upon proof of that fact.

There is little conflict in the testimony as to the extent of the injury. It appears from appellee's testimony as a witness in his own behalf that he was injured on April 8, 1910, and did not go to work again until March, 1911, during which time it seems he was paid his wages; that the ligaments were torn from his ankle and he was confined to the house for four or five months; that the leg is stiff, the cord in the back of the leg shortened so that when standing on his bare feet he cannot get his heel to the floor; that he has to use a shoe with a higher heel on that foot; that he cannot do heavy work and that he suffers pain. The only physician called was one in the employ of appellant. He treated appellee and says the action of the ankle is not normal but has improved in the last few months and will continue to improve but will not get back to normal. In short it is a serious, permanent injury, and considering the pain and long sickness induced by the injury and the fact that appellee will never fully regain the use of his leg and will always, to some extent, be hindered in his business by that infirmity, we do not feel warranted in reversing the case on the ground of excessive damages. It seems to us a clear case of liability of appellant, and finding no reversible error in the record the judgment is therefore affirmed.

*Affirmed.*